THE STATE, ROLLIN BRADLEY, PROSECUTOR, v. THE COUNCIL OF THE TOWN OF HAMMONTON.

1. A town may, out of moneys raised for *town purposes*, indemnify its officers for reasonable expenses incurred by them in or through the *bona fide* discharge of their duties.
2. A resolution for the payment of such expenses should accord with the provisions of the act of April 4th, 1871. *Pamph. L.* 92.

On *certiorari*.

Argued at February Term, 1876, before Justices DEPUE, KNAPP and DIXON.

For the prosecutor, *King*.

For the defendant, *Pancoast*.

The opinion of the court was delivered by

DIXON, J.    The affidavits in this case show that early in the year 1874, the council of the town of Hammonton, under the belief that the prosecutor had fraudulently got possession of some of the public moneys of the town, directed one of its members, Morril Parkhurst, to institute legal proceedings against him therefor.    Because of the proceedings so instituted, the prosecutor afterwards brought suit against Parkhurst for malicious prosecution, upon the trial of which suit Parkhurst was acquitted.    While this suit against Parkhurst was pending, the council, on March 30th, 1874, passed the following preamble and resolution : " Whereas, Morrill Parkhurst, a member of this council, having been prosecuted by one Rollin Bradley, for damages alleged to have been sustained by his arrest for obtaining money under false pretenses ; and whereas, Mr. Parkhurst acted, in causing said arrest, under the instruction of council : therefore, be it resolved, that the town defend the suit, and that a committee be ap-

State, Bradley, pros., v. Council of Hammonton.

pointed to wait on Bradley, and ascertain his views on the matter."

On motion, the clerk was authorized to employ counsel and manage the defence, and prosecute further, if necessary.

On September 26th, 1874, the committee reported progress, and, on motion, an order for $250 was drawn for the use of the committee in paying necessary expenses.

The prosecutor, who is a tax-payer in the town, seeks by *certiorari* to reverse these resolutions and orders of the council providing for Parkhurst's defence, on the ground of want of legal power in the council to do what it has thereby assumed to do. The reasons raise no question as to the *bona fides* of the transaction, or the fairness, in amount, of the appropriation.

The town of Hammonton was incorporated by act of the legislature, approved March 5th, 1866. *Pamph. L.* 188. By the seventh section of that act, the legislative power of the corporation was vested in the councilmen, who were also, for the purposes of that act, to do and perform the duties of, and be invested with the power and authority of the township committees of the townships of the state, in all cases wherein the exercise of such powers and duties should be required in said town. The twenty-ninth section enacts that the legal voters of said town shall have power and authority, at their annual elections in each year, to raise such sums of money as they may think proper and necessary for the support and maintenance of the poor of said town, for the support of common schools, for the making and repairing of roads and highways, and for an amount requisite *for other town purposes*, which said sums, when assessed and collected, shall be applied by the said councilmen to the purposes designated by the people at such election, and shall not, nor shall any part of the same, be used or applied to any other purpose whatever.

At the election held March 11th, 1874, the people voted $1000 for what are designated in this twenty-ninth section as " other town purposes," which sum was thereupon raised, and

out of this sum the council claims the right to apply the amount in controversy in the manner indicated by their resolutions. The question for solution, therefore, is, whether the purpose for which this money is to be expended is a *town purpose*, within the meaning of the charter. It does not at all involve the inquiry whether a tax, levied under a vote of the electors, specifying the object no more definitely than "for other town purposes," could be legally enforced, but merely the question whether the money, being in the treasury generally for town purposes, can be applied by the council in the mode now intended.

By force of the twelfth section of the general township act, (*Nix. Dig.* 979,) township committees, and, under the provisions of the Hammonton charter, therefore, the council of this town, are charged with the duty of superintending the expenditure of all money raised by tax for the use of the corporation. It was therefore clearly the duty of the council, if the prosecutor wrongfully held the public moneys of the town, to institute proceedings for its recovery, and they had the right to institute such proceedings when they were reasonably satisfied that he so held them, even if, in truth, he did not. For such proceedings, the intervention of individual action was necessary, and the council could select for such action none more proper than one of its own members. It accordingly instructed Mr. Parkhurst to take those steps against the prosecutor which he pursued. No question has been raised as to the reasonableness of the judgment on which the council acted, or as to the *bona fides* of the measures which Mr. Parkhurst adopted under its instructions, except so far as they were impugned by the suit of the prosecutor against Mr. Parkhurst, in which the question was decided by the verdict in their favor. So that the resolutions now sought to be reversed are resolutions providing for the defence of a public officer, who has acted *bona fide*, in obedience to instructions which the council had the right to give him, in the performance of its and his duty to secure the public funds of the town. It is difficult to see how the purpose of such resolutions can

be excluded from the class of "town purposes." Nothing can be more exactly a "town purpose" than the preservation of the town fund; that fund can be preserved only by the vigilance and vigor of its guardians; their activity can rarely be secured unless they are indemnified in its reasonable and honest exercise. Such indemnity, therefore, is bound in the class of town purposes by a short and strong chain.

The principle on which this result rests has been applied in many cases.

In *The King* v. *The Inhabitants of Essex*, 4 *T. R.* 591, the expenses incurred by the county magistrates in contesting unsuccessfully a fine which had been imposed on the county, were held to be payable out of the county stock. And Lord Kenyon based his judgment in this proposition, that whenever a duty is imposed on a county, and where costs incidentally and necessarily arise in questioning the propriety of acts done to enforce that duty, the magistrates, who have the superintendence over the county purse, have necessarily a right to defray such expenses out of the county stock. And Buller, J., says, it would be absurd to say that those who have contracted on behalf of the county, should not be defended at the expense of the county against a suit brought therefor.

In *Attorney-General* v. *Mayor of Norwich*, 2 *Mylne & Cr.* 406, the court refused to interfere with resolutions of the council providing for payment, out of the borough fund, of the expenses of defending the mayor and one of the aldermen in *quo warranto* proceedings, it not being clearly alleged by the complainant that the *quo warranto* proceedings were not for the purpose of attaching the legal existence of the corporation. Lord Cottenham, Chancellor, said : " I apprehend it to be quite clear, according to the rule which applies to all cases of trust, that if necessary expenses are incurred in the execution of a trust, or in the performance of the duties thrown on any parties, and arising out of the situation in which they are placed, such parties are entitled, without any express provision for that purpose, to make the payments

required to meet those expenses, out of the funds in their hands belonging to the trust. Such is the rule of this court; such, also, is the rule at common law."

In *Regina* v. *Lichfield*, 4 *Q. B.* 893, the right of the council of a borough to prosecute, at the expense of the corporation, for an assault upon the mayor in the execution of his duty, was admitted by Lord Denman, and Williams and Coleridge, Justices; and in *Regina* v. *Stamford*, 4 *Q. B.* 900, *note a*, the orders for payment from the borough fund of expenses incurred by two police officers in prosecuting a party who had assailed them, and in defending themselves against his prosecution, were quashed, not because of any want of power in the council to pay such expenses, but because a statute regulating the matter had not been pursued.

In *Lewis* v. *Mayor, &c., of Rochester*, 9 *C. B.* (*N. S.*) 401, it was held, that expenses, incurred in defending city officers against a *mandamus* designed to compel them to perform official duty, were properly chargeable on the borough fund, even though the *mandamus* had been allowed, the court thinking that there were reasonable grounds for undertaking the defence.

In *Regina* v. *Bridgewater*, 10 *A. & E.* 281, and *Regina* v. *Paramore*, 10 *A. & E.* 286, the court would not permit payment out of the borough fund, because no public purpose was subserved—no interest of the corporation was embodied.

In *Nelson* v. *Milford*, 7 *Pick.* 18, town assessors had collected by distress and paid in certain taxes, which were afterwards held to have been irregularly assessed by them, and to save themselves from suit they had refunded the taxes to the individuals whose property they had distrained. It was held that the town had a right to reimburse the assessors.

In *Bancroft* v. *Lynnfield*, 18 *Pick.* 566, the court held that a town had the power to indemnify its officers against any charge or liability they might incur in the *bona fide* discharge of their duty, although it should turn out that they mistook their legal rights and authority.

In *Fuller* v. *Inhabitants of Groton*, 11 *Gray* 340, the members of the school committee were sued for libel, because of

some statements made in their official report to the town. For the expenses incurred in successfully defending themselves in that suit, the town voted to indemnify them, and appropriated money for the purpose. The court held that the town had a right so to do.

*Hadsell* v. *Inhabitants of Hancock*, 3 *Gray* 526, was to the same effect. Selectmen were held to be entitled to recover from the town the amount of expenses incurred and a judgment recovered against them, for acts done in the *bona fide* discharge of their duty, for which the town had voted to indemnify them.

In the late case of *The State, Lewis, pros.*, v. *The Freeholders of Hudson county*, 8 *Vroom* 254, this court refused to limit the boards of chosen freeholders in the payment of money, to those claims upon which an action at law might be maintained, and recognized their right to pay reasonable expenses incurred by public officers or private citizens in good faith, in furtherance of the due administration of justice.

And, in this case, the freeholders had not even authorized the incurring of the expense, but had taken their first action in the matter when the bill was presented for payment. A circumstance which, in *Regina* v. *Lichfield*, was regarded as of great weight against the right to pay. A less liberal rule than that applied in *The State, Lewis, pros.*, v. *Freeholders of Hudson county*, would sustain the right of the council of Hammonton to pay the expenses now under consideration.

I am, therefore, of opinion that the resolutions of the council, passed March 30th, 1874, should be affirmed.

The resolution of September 26th, 1874, is open to criticism, in that it orders $250 paid to the committee to meet necessary expenses. The proper procedure would be to have a bill of the necessary expenses presented to the council, approved by them and ordered paid, in accordance with the provisions of the act of April 4th, 1871. *Pamph. L., p.* 92. It nowhere appears that these provisions have been regarded, and the form of the resolution indicates that they have been overlooked. The reasons alleged by the prosecutor perhaps scarcely reach this defect, but the court ought not to even

seem to sanction the payment of public moneys contrary to law. A payment under the resolution, as it now stands, might expose the members of council to the penalties of section one hundred and fifty of the Crimes act. This resolution should, therefore, be set aside, to the end that the council may make its action more conformable to the statute.

No costs will be allowed to either party.