81 N.J. Super. 414 (1963)
195 A.2d 670
ROBERT N. ERRINGTON, PLAINTIFF-RESPONDENT,
v.
MANSFIELD TOWNSHIP BOARD OF EDUCATION IN THE COUNTY OF WARREN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 1963.
Decided December 6, 1963.
*415 Before Judges GOLDMANN, KILKENNY and COLLESTER.
*416 Mr. Wilbur M. Rush argued the cause for appellant (Mr. Robert L. Schumann, on the brief).
Mr. Robert N. Errington argued the cause for plaintiff-respondent pro se (Mr. Robert E. Frederick, attorney).
Mr. Thomas P. Cook argued the cause for State Federation of District Boards of Education, intervening as amicus curiae.
The opinion of the court was delivered by KILKENNY, J.A.D.
May a local board of education spend school funds for the legal defense of its members, sued individually in tort because of an allegedly libelous letter published by the president of the board upon the purported authorization of the other members? The Law Division gave a "no" answer to this question and granted summary judgment restraining the expenditure. Defendant board appeals therefrom. It also appeals from the denial of its motion to dismiss plaintiff's proceeding in lieu of prerogative writs for failure to exhaust his administrative remedies.
The allegedly offensive letter, addressed to plaintiff, was admittedly written and published by Catherine D. Harsha, the president of the board. This, it is said, was done pursuant to authorization by the other board members, informally given, but not at any regular or special board meeting. Copies were forwarded to the editors of the Hackettstown Gazette and Washington Star and published therein on November 30, 1961. The letter reads as follows:
"Dear Mr. Errington,
The Mansfield Township Board of Education will hold a special meeting December 5th, 1961, at 8:00 p.m. in the Firehouse at Port Murray. I sincerely hope you will be present.
After having read all your letters to the Editor, I am surprised that the truth concerns you at all.
You have become so desperate in your destructive drive to divide and conquer that you now twist and distort your previous untruths, half-truths and inferences.
I personally credit the people of this township with far more intelligence than to nurture the seed of doubt and distrust you have so cleverly tried to implant in their minds.
*417
 Mrs. Catherine D. Harsha,
 President
 Mansfield Board of Education.
 Hackettstown, N.J.
 November 27, 1961."
On November 7, 1962 plaintiff filed his civil action for libel in the Superior Court, Law Division, naming Mrs. Harsha, the newspaper corporations, the editor of the Hackettstown Gazette, and the receiver of the Washington Star as defendants.
In her answer Mrs. Harsha asserted by way of affirmative defense that she wrote, published and caused to be published the alleged libelous words without malice "for the purpose of defending her own reputation against numerous charges and allegations published * * * by the plaintiff." The Hackettstown Gazette and its editor set forth in the same answer other separate affirmative defenses not pertinent here.
On November 15, 1962 defendant board adopted a resolution, reciting in its preamble plaintiff's libel suit against Mrs. Harsha and that at the time of the alleged libelous offense she "was acting on behalf of the Mansfield Township Board of Education; and was acting as its chief executive officer." The resolution directed the board's legal counsel "to vigorously defend said suit" on behalf of Mrs. Harsha and transferred $1,500 to the legal account, presumably to pay the fee.
On December 5, 1962 plaintiff instituted another libel action against the five board members individually who voted to defend Mrs. Harsha, on the basis that they had authorized and ratified the allegedly libelous publication and had approved and reaffirmed the words used by directing the expenditure of public funds for the defense of Mrs. Harsha.
On December 13, 1962 the defendant board adopted a further resolution authorizing the expenditure of funds for the defense of the board members named in the second libel suit.
Plaintiff's action in the Law Division to restrain the expenditure of school funds by defendant board in defending libel suits pending against the board members as individuals was *418 filed on February 8, 1963. Defendant's motion to dismiss this complaint was denied. Plaintiff's cross-motion for summary judgment was granted. This appeal followed. The libel actions are still pending.

I.
In the Law Division, defendant moved to dismiss the complaint, contending that plaintiff had failed to exhaust his administrative remedies under R.S. 18:3-14 and 15. The motion was denied. Defendant argues that the Law Division erred in so ruling.
The propriety of spending school board funds for the defense of a libel action brought against individual members of a school board is a purely legal question. R.R. 4:88-14 provides that administrative remedies must be exhausted, "Except where it is manifest that the interests of justice require otherwise." Where the question presented, as in the case sub judice, is solely one of law, the interests of justice do not require the exhaustion of administrative remedies. Resort to the Law Division directly is proper. Nolan v. Fitzpatrick, 9 N.J. 477, 484 (1952); Deaney v. Linen Thread Co., 19 N.J. 578, 581 (1955); Durgin v. Brown, 37 N.J. 189, 202 (1962); Wilbert v. DeCamp, 72 N.J. Super. 60, 68 (App. Div. 1952).
Accordingly, the motion to dismiss the complaint for failure to exhaust the administrative remedy was properly denied.

II.
Members of a board of education may not authorize an individual board member to give expression to personal views and then provide for the legal defense of that board member at public expense, if that expression of personal view is libelous. We are not passing judgment on whether the letter in the instant case is libelous, or whether there is any valid defense thereto. If there is liability by reason of its having been written, the liability is personal to the writer and is not *419 that of the board of education. Defense of the action must be at the expense of the individual and not at the expense of the board.
We have not been referred to any authority, nor are we aware of any, upholding the right of a public official to be defended at the public expense in a suit for libel resulting from his expression of a purely personal opinion. When Mrs. Harsha gave vent to her personal appraisal of plaintiff's concern for the truth, his conduct and motives, she departed from the performance of any public duty. Authorization of her conduct by other board members did not alter the personal nature of her conduct.
Had Mrs. Harsha been directed by the board to discharge a public duty, a different situation would have been presented. In State, Bradley v. Council of Hammonton, 38 N.J.L. 430 (Sup. Ct. 1876), the town council directed one of its members to institute legal proceedings against a person believed by the council to have fraudulently obtained possession of public moneys. The alleged thief was arrested for obtaining money under false pretenses and promptly filed a suit for malicious prosecution against the council member who had caused his arrest. The town council, by resolution, provided funds for the defense of the malicious prosecution action against the individual council member. The court framed the question thusly:
"The question for solution, therefore, is whether the purpose for which this money is to be expended is a town purpose * * *." (38 N.J.L. at p. 432).
The court then held:
"* * * the resolutions now sought to be reversed are resolutions providing for the defense of a public officer, who has acted bona fide, in obedience to instructions which the council had the right to give him, in the performance of its and his duty to secure the public funds of the town. It is difficult to see how the purpose of such resolutions can be excluded from the class of `town purposes.'" (38 N.J.L., at p. 432). (Italics ours)
*420 Can the letter written by Mrs. Harsha be considered as in the performance of a duty of the board of education and of Mrs. Harsha as president of the board? We think not. In three of its four paragraphs, Mrs. Harsha stressed the personal pronoun "I." The designation of her official title after her signature was more in the nature of descriptio personae than an indication that this was an authorized missive from the board itself. Mrs. Harsha admitted the personal character of the letter when she pleaded in her answer that she had written and published it for the purpose of defending her own reputation against charges made by the plaintiff. Therefore, Mrs. Harsha's actions do not come within the rationale of the Hammonton case.
The general rule seems to be that to warrant defense at the public expense, when a public official is sued individually for libel, it must be shown that he was performing in good faith a duty of his office or position in furtherance of the work of the board for which he was purportedly acting.
In Maitland v. Town of Thompson, 129 Conn. 186, 27 A.2d 160 (Sup. Ct. Err. 1942), a libel action was brought against a majority of the members of the town board of education, as a result of a letter reluctantly written by them to the state commissioner of education on his advice and on the advice of counsel for the board, setting forth their reasons for voting not to rehire the town superintendent of schools. The trial court found for defendants on the ground that there was a conditional privilege, no malice and good faith. When plaintiff taxpayers sought to enjoin payment of the fees of their attorneys, the injunction was denied. The denial was affirmed on appeal. The governing rule was expressed as follows:
"The officer must have been acting in a matter in which the corporation has an interest, he must have been acting in the discharge of a duty imposed or authorized by law and he must have acted in good faith." (at p. 162)
*421 The difficulty in finding a letter of allegedly libelous content to be within the duty of the board member was summarized thusly in Maitland:
"Under ordinary circumstances it might be difficult to spell out the interest of the town in the writing of such a letter * * *. The circumstances here were not ordinary. The defendants in the libel action were found to have acted in good faith. The letter was written only after the majority of the board had consulted counsel and had been advised by the then head of the state's educational system to make their reasons public. Compliance with the advice of such an important state official might well be called the performance of a duty imposed by law." (p. 162)
In 10 McQuillin, Municipal Corporations (3d ed. 1950), § 29.14, p. 212, the author comments as follows:
"But it has been held that the corporation may employ an attorney to defend a suit against an officer growing out of a transaction in the performance of a duty, for example, an action for malicious prosecution, or for libel." (Emphasis supplied)
The author cites both the Hammonton and the Maitland cases as examples thereof.
Mrs. Harsha's personal reply to plaintiff's letters in defense of her own reputation, cannot reasonably be regarded as the performance of a public duty imposed or authorized by law, even though the subject matter which induced the letter writing related to a proposed site for a new school.
The board members who voted for the adoption of the resolution, confirming their informal authorization previously given to Mrs. Harsha to send a letter to plaintiff and impliedly ratifying the contents of the letter sent by her, have no greater right to be defended at the public expense than does Mrs. Harsha. The fact of board action cannot alter the basic personal nature of the letter actually sent. Nor can it be said that the letter advanced any legitimate school board purpose.
For the reasons above stated, the judgment of the Law Division is affirmed.