DANIEL R. DONNELLY, DEFENDANT IN ERROR, v. THE CURRIE HARDWARE COMPANY, PLAINTIFF IN ERROR.

Argued February 27, 1901—Decided June 10, 1901.

If it appears that the parties to a negotiation, although they have agreed on all the terms of their bargain, mean to have them reduced to writing and signed, before the contract shall be considered as complete, neither party will be bound until that is done.

On contract. On error to the Atlantic Circuit.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *George A. Bourgeois.*

The opinion of the court was delivered by

DIXON, J. The plaintiff, being about to bid for a contract to build a music pavilion in Atlantic City, submitted the plans and specifications to the defendant for an estimate as to the price at which the latter would do the metal work required, and on March 31st, 1899, received a letter from the defendant saying that it would do the work for $2,650. Accordingly the plaintiff put in his bid for the construction of the building, and, after the making of some changes, not affecting the metal work, the job was awarded to him and the contract was signed on April 5th, 1899. During the next morning the plaintiff telephoned to the defendant's manager

that he had signed a contract for the building, and would be prepared to sign a written contract with the defendant at four o'clock that afternoon, to which the manager answered ."all right." Shortly before that hour the plaintiff telephoned to the manager that he had not had time to prepare the contract, and would sign it in the morning, to which the manager again replied "all right." The next morning the plaintiff called on the manager, and the latter informed the plaintiff that the defendant would be unable to perform the work in the time agreed upon by the plaintiff, and had not room to do the work so quickly, and refused to sign the proposed contract. Afterwards the plaintiff was compelled to pay a higher price for the metal work, and brought this suit for breach of contract. On this state of facts, shown by the plaintiff's evidence, the defendant moved for a nonsuit and for direction of a verdict in favor of defendant. These motions being overruled, exceptions were sealed.

The case is governed by the rule established in *Water Commissioners* v. *Brown,* 3 *Vroom* 504, 510, where Mr Justice Elmer, speaking for the Court of Errors, said: "If it appears that the parties, although they have agreed on all the terms of their contract, mean to have them reduced to writing and signed before the bargain shall be considered as complete, neither party will be bound until that is done, so long as the contract remains without any acts done under it on either side." · The conversations over the telephone between the plaintiff and the defendant's manager, as well as the testimony of the plaintiff himself, make it clear that a written contract was expected by both parties. Indeed, it cannot reasonably be determined that the parties had agreed upon all the matters which they would expect to have included in their bargain, for the time allowed for the beginning and completion of the work and the mode of payment are generally provided for expressly in such arrangements, and on these points their negotiations had been silent, awaiting probably the outcome of the plaintiff's proposal for the erection of the building.

We therefore think that no contract was made by the defendant, and that the motions mentioned should have prevailed.

The judgment is reversed.