## THE MAYOR, &c., OF JERSEY CITY v. THE TOWN OF HARRISON ET AL.

## MARTIN V. MATHEWS v. THE TOWN OF HARRISON ET AL.

Argued February 19, 1904—Decided June 13, 1904.

1. Contracts of a corporation, whether municipal or private, stand on the same footing with contracts of natural persons, and depend on the same circumstances for their validity and effect.
2. A contract for a water-supply is a contract for the sale of goods, wares and merchandise, and is within the operation of the statute of frauds.
3. Where the legislature has authorized a municipality to act or contract, and does not require this to be done by ordinance, the legislative body of the municipality may contract by a vote upon a motion or by the passage of a resolution.
4. A resolution to take the case out of the statute of frauds must not only be passed, but it must also be communicated to the other contracting party by the direction of the party which adopts the resolution, and it must be accepted to constitute a contract.
5. In this case the resolution of the town of Harrison directing the president of council and the town clerk to execute a contract with Jersey City for a water-supply, was *inter sese* until communicated to Jersey City, and until then no obligation rested on the town of Harrison in respect to it.

---

On *certiorari*.

These cases were argued together, before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Robert Carey* and *George L. Record.*

For the defendants, *Collins & Corbin, Michael T. Barrett* and *Richard V. Lindabury.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This *certiorari* in No. 86 brings up a resolution of the town of Harrison, passed September 15th, 1903, rescinding a previous resolution of July 7th, 1903, directing the president of the common council of the town of Harrison and the town clerk of said township to execute a contract with Jersey City for a new water-supply for Harrison, on the same terms and conditions and for a similar period of time as contained in the previous contract of July 31st, 1885, between said parties, except as to specified changes in price.

The *certiorari* in No. 87 brings up the resolution of the town of Harrison awarding a contract for a water-supply to the New Jersey Suburban Water Company.

1. Contracts of a corporation, whether municipal or private, stand on the same footing with contracts of natural persons, and depend on the same circumstances for their validity and effect. *Argenti* v. *San Francisco,* 16 *Cal.* 255; *Illinois Trust* v. *City of Arkansas,* 76 *Fed. Rep.* 271.

This is conceded to be the law in the briefs of counsel on both sides.

The alleged contract with Jersey City for a water-supply in the case *sub judice* is a contract for the sale of goods, wares and merchandise as fully as if the water was to be delivered in bottles, and as it also is a contract for the price of $30 and upwards, and not to be performed within a year, it is within the statute of frauds, unless it is in writing.

Municipal corporations, acting within the limits of the powers conferred upon them by the legislature, are respon-

sible for the acts and contracts of their duly authorized agents, within the scope of the authority of such agents, in like manner with other corporations or natural persons. *Clark* v. *Washington,* 12 *Wheat.* 40.

It must also be conceded that where the legislature has authorized a municipality to act or contract, and does not require this to be done by ordinance, the legislative body of the municipality may contract by a vote upon a motion or by the passage of a resolution. *Illinois Trust* v. *City of Arkansas, supra.*

But a resolution to take the case out of the statute of frauds must not only be passed, but it must also be communicated to the other contracting party by the direction of the party which adopts the resolution, and it must be accepted to constitute a contract.

In Illinois Trust *v.* City of Arkansas, above cited, the court said: "A proposition by one contracting party, and accepted by the other, constitutes a contract. It evidences the meeting of their minds upon the terms of their agreement, and binds them both. If ordinance No. 27 had been duly passed, it would have been nothing more than an offer by the city to make the grant and contract upon the terms set forth therein. If after its passage it had been accepted and acted upon by the gas company, it would have become an irrevocable contract."

Where the alleged contract is between two natural persons, and a proposition is made by one to the other, who in writing directs his clerk to execute the contract, I think no one would claim that until such direction was communicated to the proposing party any contract arose. The direction by the acceptor to his clerk would be *inter sese* until communicated, and until then no obligation would attach.

So, also, if the resolution of Jersey City had not been communicated to Harrison, no action on the part of Harrison could hold Jersey City to the resolution.

The same rule must apply between these municipalities that governs between natural persons. *Dunham* v. *City of Boston,* 12 *Allen* 375; *Water Commissioners* v. *Brown,* 3

*Vroom* 504; *Wood* v. *Edwards,* 19 *Johns.* 212; *Donnelly* v. *Currie,* 37 *Vroom* 388.

In the case in hand the resolution of Harrison was not communicated, or authorized to be communicated, to Jersey City, so far as appears, and there was therefore no acceptance in writing to take this case out of the statute of frauds.

2. The resolution of July 7th, 1903, authorized the president of the common council and the town clerk of Harrison to execute a contract with Jersey City for a new water-supply. It was not a resolution authorizing the renewal of the contract of July 31st, 1885, and therefore the provision for a new water-supply, without specifying the source of the supply and its character, left unadjusted the most important feature of the proposed water contract, and until that was agreed upon, and also the time when the supply was to commence, the minds of the parties had not met, and the town of Harrison was under no constraint to accept the contract tendered by Jersey City dated July 10th, 1903.

No contract having been entered into, it was competent for the town of Harrison, at its pleasure, to rescind the resolution of July 7th, 1903, and to make a contract with the New Jersey Suburban Water Company.

No sufficient legal objection to the validity of that contract has been shown.

The *certiorari* in both cases should be dismissed, with costs.