WARREN BROTHERS COMPANY v. GEORGE R. KING.[1]

November 10, 1905.

Nos. 14,628—(47).

**Breach of Contract.**

> The rule that a pleading, when assailed on general demurrer, is entitled to a liberal construction, applied, and the complaint in an action for damages for a breach of contract *held* to state a cause of action.

Appeal by defendant from an order of the district court for St. Louis. county, Ensign, J., overruling a general demurrer to the complaint. Affirmed.

*Wm. B. Phelps,* for appellant.

*Stearns & Hunter,* for respondent.

BROWN, J.

Appeal from an order overruling a general demurrer to plaintiff's complaint. The complaint alleges, in substance and effect, that defendant had a contract with the city of Duluth to pave certain of its public streets; that on June 20, 1904, plaintiff, a corporation, entered into a contract with defendant under and by which it agreed to do a part of the work at the compensation of $1.40 per square yard; that plaintiff has at all times since making the contract been ready and willing to perform the same, but the defendant has refused to permit it to do so and has violated the contract, to plaintiff's damage. The contract is disclosed by two letters; one written by plaintiff to defendant embodying the proposition to do the work, and defendant's reply accepting the same. These letters were, no doubt, the result of some prior negotiations between the parties. Plaintiff's letter to defendant is as follows:

> We will lay the surface on Seventeenth Avenue in Duluth, under specifications on file at the Board of Public Works, for the sum of one dollar and forty cents ($1.40) a square yard; you to furnish the stone for the surface at the plant, we to furnish all other material and labor.

[1] Reported in 104 N. W. 816.

To this defendant replied:

> I will accept the terms of your letter of June 24th for the laying of the surface on Seventeenth Avenue East. Also for Twenty-Third Avenue East, should the contract be awarded me.

It is contended on the part of defendant, in support of his demurrer to the complaint, that it is apparent from the two letters just referred to that the minds of the parties did not meet upon anything definite and certain; that plaintiff's letter is an offer to lay the surface of Seventeenth Avenue, while defendant's acceptance refers to Seventeenth Avenue East. It may be that there are two avenues in Duluth, one known as Seventeenth Avenue and another as Seventeenth Avenue East; but this, if so, would merely render the contract ambiguous as to its subject-matter and subject it to parol identification, should a question arise on the trial. Plaintiff's offer was to surface Seventeenth Avenue according to the specifications on file with the board of public works. These specifications thereby became a part of the contract, and were no doubt definite and specific as to the particular street. The mere fact that defendant added to his acceptance of plaintiff's proposition that he would give plaintiff the contract for paving Twenty-Third Avenue East, should it be awarded him by the city, is wholly immaterial, and in no way changes the contract between the parties with reference to Seventeenth Avenue, and there is no merit to this feature of defendant's argument.

The rule of the court in construing pleadings on demurrer is too well settled to require the citation of authorities. They are entitled to a broad and liberal construction, and if by any fair and reasonable construction a cause of action may be spelled out of the allegations, however inartificially they may be stated, the pleading will be held sufficient as against demurrer. Dunnell, Minn. Pl. § 732, et seq. Within this rule it is clear that the complaint states a cause of action.

Order affirmed.