## JOSEPH S. McCULLOCH, RESPONDENT, v. LAKE & RISLEY COMPANY, APPELLANT.

Submitted March 21, 1918—Decided June 7, 1918.

1. When the terms of a lease are agreed upon and the tenant makes a payment on account thereof, the contract is complete, even though both parties contemplated the execution of a formal lease.
2. Where defendant leased property to plaintiff and subsequently leased the same property to a third party for a greater sum, in a suit by the first lessee for damages for breach of contract the lessee is entitled to recover the value of his term as damages.

---

On appeal from the Atlantic City District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the respondent, *Theodore W. Schimpf.*

For the appellant, *Herbert R. Voorhees.*

The opinion of the court was delivered by

SWAYZE, J.  The plaintiff leased a property in Atlantic City of the defendant from July 6th to October 1st. The terms were agreed to on July 6th, and the plaintiff at once sent his check to the real estate agents for the first payment.

Meantime, and before the lease was in fact executed, the defendants leased to another customer at $1,200 instead of $800 for the season. The plaintiff refused to release the defendant, and brought suit for damages for breach of the contract. But two questions are raised—(1) Was the contract complete since both parties contemplated the execution of a lease? (2) What was the proper measure of damages? The first question is answered for us in the affirmative by the rule in *Wharton* v. *Stoutenburgh,* 35 *N. J. Eq.* 266, which has been followed in *Trenton and Mercer County Traction Co.* v. *Trenton,* 90 *N. J. L.* 378, the opinion in which has recently been approved by the Court of Errors and Appeals.

The question of the measure of damages is not authoritatively answered by our own decisions. The case bears a resemblance in this respect to cases of breach of covenant to convey (*Gerbert* v. *Trustees,* 59 *N. J. L.* 160), but the resemblance is superficial. The rule seems well settled that the lessee is entitled to recover at least the value of his term. *Sedgw. Dam.,* §§ 986, 1022; *Trull* v. *Granger,* 8 *N. Y.* 115; *Jewett* v. *Brooks,* 134 *Mass.* 505. In a recent opinion Judge Sheldon has collected authorities. *Neal* v. *Jefferson* (1913), 29 *Ann. Cas.* 205. This was the rule followed by the trial judge.

Let the judgment be affirmed, with costs.