MENTE & COMPANY, INCORPORATED, APPELLANT, v. HARRY HELLER AND FRANK SHIRKIN, PARTNERS, TRADING AS TRENTON BAG AND BURLAP COMPANY, RESPONDENTS.

Submitted December 10, 1923—Decided March 3, 1924.

1. Where a complete contract between parties is established, by letters and correspondence, such letters and correspondence will constitute their contract without formal written contract, unless it be shown that the parties made it an essential part of their negotiations that there should be a formal written contract.
2. In such a contract, where there is no ambiguity in its terms, its interpretation is a question of law for the judge and should not be left to the jury.

On appeal from the Supreme Court.

For the appellant, *Henry M. Hartmann.*

For the respondents, *Harry Heher.*

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal by the plaintiff below from a judgment entered against it, in an action in the Supreme Court, tried at the Mercer County Circuit. The action was brought to recover damages for the breach of two contracts by which the appellant was to manufacture and deliver burlap bags to the respondents.

The negotiations between the parties were entirely by letters and telegrams, about which there was no dispute except that respondents contended that they did not constitute contracts, as written contracts were to be executed and delivered.

There was no dispute but what respondents breached these contracts, if they were in fact contracts. It will serve no useful purpose to set out the correspondence between the parties.

. At the conclusion of the case respondents moved for a direction of verdict upon the ground that no contracts had been established and appellant moved for a direction in its favor, leaving only the question of damages to the jury.

Both motions were denied by the trial judge and he left it to the jury to determine whether or not contracts did exist upon the ground that the use of the word "booking" or "booked" made the question one for the jury. The jury returned its verdict as "no cause of action."

As to the alleged contract of February 9th, 1920, after negotiations by letters and telegrams, appellant wrote to respondents: "We have booked this business, but, however, to complete our files, would thank you to kindly sign one copy of contract attached and return to us promptly." And as to alleged contract of February 10th, 1920, appellant wrote respondents on February 11th, 1920, acknowledging receipt of the order and therein further stated: "This order is booked, but to complete our files, will you please sign one copy of attached contract and return to us promptly."

The respondents contend that no contracts existed and cites in support thereof: *Jersey City* v. *Brown, 32 N. J. L.*

504; *Donnelly* v. *Currie,* 66 *Id.* 388; *Trenton and Mercer County Traction Corp.* v. *Trenton,* 90 *Id.* 378; *affirmed.* 91 *Id.* 719; *Wharton* v. *Stoutenburgh,* 35 *N. J. Eq.* 266, and *Bettcher* v. *Knapp,* 94 *N. J. Eq.* 433.

Perhaps the principle contended for is most tersely expressed in *Bettcher* v. *Knapp, supra,* as follows: "Where the parties to a contract * * * make it an essential part of their agreement that it be embodied in a formal written instrument, the matter remains *in fieri* until the written instrument has been delivered."

We find nothing in the case before us indicating that a formal written contract was an essential part of the negotiations between the parties.

There was no testimony tending to show that the word "booked" had any trade meaning or significance other than that ordinarily accorded to it, namely, "engaged, destined, bound; to promise or pledge one's self; to make an engagement."

"In a written contract where there is no ambiguity in its terms its interpretation is a question of law for the judge and should not be left to the jury." *McLaren* v. *Marmon-Oldsmobile Co.,* 95 *N. J. L.* 520.

In the case before us we find no ambiguity; no conflicting testimony as to the several letters and telegrams asserted as making for the alleged contracts and nothing that indicates that a formal written contract was an essential part of the negotiations between the parties to make the contracts complete.

We conclude therefore that it was for the trial judge to have concluded that the alleged contracts did in fact exist and that question should not have been submitted to the jury.

The judgment below is reversed and a *venire de novo* awarded.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, JJ.   4.

*For reversal*—THE CHANCELLOR, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ.   9.