## BARTELDES SEED CO. v. FOX.

No. 18633.   Opinion Filed Nov. 13, 1928.

Rehearing Denied Jan. 8, 1929.

Bowling & Farmer, for plaintiff in error.

Glasco & Glasco, for defendant in error.

DIFFENDAFFER, C. The parties hereto are in the same relation as in the trial court, and will be herein designated as there.

Plaintiff sues to recover the sum of $300 and alleges:

"That on or about the 31st day of October, 1925, the plaintiff sold to the defendant 300 100 lb. bags of sudan seed at $4.50, sacked and delivered; said sudan seed to be delivered March 1, 1926. That such sale of said 30,000 pounds of sudan was evidenced by a writing which is, in words and figures, as follows, to wit: No. —— Date 10/31/25
4136

" 'Subject to acceptance of The Barteldes

Seed Co., Lawrence, Kan. Ship to Fox Hdw. Co., at Wayne Okla. How Ship A. T. & S. F. When March 1st. Terms s/O Price are f. o. b. Lawrence; bags, barrels or boxes, extra.

"The Barteldes Seed Co. gives no warranty, expressed or implied, as to purity, description, quality, productiveness, or any other matter, of any seeds, bulbs or plants they send out, and will not be in any way responsible for the crop. If the purchaser does not accept the goods on these terms, they are at once to be returned.

"'All orders taken prior to receipt of new crops are subject to crop. No seeds on Commission. 300 100 No. bags sudan @ $4.50, sacked and delivered By Fox Hdw. Co. O. B. Fox.'"

"That said contract of sale was in due course, and on November 6, 1925, confirmed, which confirmation was delivered to said O. B. Fox, and is in words and figures as follows, to wit:

"'Nov. 6, 1925, Fox Hardware Co. Wayne, Okla. Gentlemen:

"'We have booked your order for Alfalfa and sudan grass seed given our Mr. Nichols and thank you very much for the same.

"'Yours truly, The Barteldes Seed Co.'

"The said contract was accepted by plaintiff.".

It then alleges, in substance, a breach of the contract and refusal by defendant to comply therewith, or to accept and pay for the car of seeds; that plaintiff procured additional stock by reason of the alleged contract and held same for delivery thereunder until on or about March 1, 1926, at which time the market price of such seed had declined $1 per 100 pounds, or $300 for the 30,000 pounds, which sum plaintiff lost by reas J of its having purchased and held the sudan grass seed for delivery, and the refusal of defendant to comply with the contract.

Defendant demurred to the petition, which demurrer was overruled, and defendant answered by general denial, but admitted that he signed an order similar to the copy of the order set out in the petition, and alleged that he received no consideration therefor; that the order or contract is unilateral, without consideration and void, and void for want of mutuality; and further alleged that plaintiff was not damaged for the reason that the sudan grass seed was worth the contract price of $4.50 per sack on the market on March 1, 1926, at the place of delivery.

Plaintiff replied by general denial. A jury was selected and impaneled to try the issues thus joined, and thereupon defendant objected to the introduction of any testimony under the allegations of plaintiff's petition, and requested the court to instruct the jury to return a verdict in favor of defendant. The objection was sustained, and the court directed the jury to return a verdict for defendant, which was done, and judgment was rendered for defendant accordingly. From the order and judgment, plaintiff appeals.

There are four assignments of error, but they present but one proposition, viz., Did the court err in sustaining the objection of defendant to the introduction of any testimony in support of plaintiff's petition and in directing a verdict for defendant?

It is well settled in this state that the method of challenging the sufficiency of a petition by objection to the introduction of evidence thereunder is not favored, and such objection should be generally overruled, unless there is a total failure to allege some matter essential to the relief sought, and should seldom, if ever, be sustained when the allegations are incomplete, indefinite or conclusions of law. Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 Pac. 141.

The theory upon which the trial court sustained the objection appears to be that the letter from plaintiff to defendant dated November 6, 1925, stating:

"Nov. 6, 1925. Fox Hardware Co., Wayne, Okla., Gentlemen: We have booked your order for alfalfa and sudan grass seed given our Mr. Nichols and thank you very much for the same. Yours truly, The Barteldes Seed Co."

—was not an acceptance of the order, and therefore no contract was entered into. If this constitutes an acceptance, the ruling of the trial court was wrong, for at the time this letter was written no withdrawal had been attempted. An offer and tender of proof in support of the petition was made and rejected, and the evidence offered is in the record, but, as we view the case, the only question presented is the alleged error in sustaining the objection to the introduction of any evidence and directing a verdict for defendant.

In support of the order of the trial court, we are cited to Krohn-Fechkimer v. Palmer (Mo.) 10 A. L. R. 673, and the cases therein cited. None of these cases attempt to construe the language used by plaintiff in its letter, by which it claims it accepted the order of defendant. Neither party cites any

authority on the effect of the language as there used. The term "booking cotton," as applied to shipping, is explained in Ocean S. S. Co. v. Savannah Locomotive Works & Supply Co., 131 Ga. 831, 127 A. S. R. 265. as being the practice of making specific engagement in advance with shippers of cotton for reservation of space for cotton to be shipped on a particular vessel, in advance of sailing day; and it is said that if the privilege is indifferently extended to all, it is but another form of acceptance of goods tendered in the order of their application. That is, when the carrier "books" certain cotton for a particular vessel, he agrees to reserve space for the cotton on that particular vessel. In Mente & Co. v. Heller (N. J.) 123 Atl. 755, in which a controversy arose over whether or not a contract was entered into in one instance in which, after negotiations by letters and telegrams, the seller wrote a letter to the purchaser as follows:

"This order is booked, but to complete our files, will you please sign one copy of attached contract and return to us promptly"

—the court thereafter stating that there was nothing in the testimony tending to show that the word "booked" had any trade meaning or significance, other than that ordinarily accorded to it, namely, "Engaged, destined, bound; to promise or pledge one's self; to make an engagement," said:

"We conclude therefore that it was for the trial judge to have concluded that the alleged contracts did in fact exist, and that question should not have been submitted to the jury."

In that case the court held in effect that the words there used: "We have booked this business," and "This order is booked," were in law an acceptance of the order, and that it was the duty of the trial court to have so held. There is nothing in the petition to indicate that the word "booked," as used in the instant case, had any trade meaning other than that ordinarily accorded to it.

We are of the opinion that if plaintiff wrote the defendant, as alleged in the petition, "We have booked your order for alfalfa and sudan grass seed given our Mr. Nichols, and thank you very much for the same," this letter constituted in law an acceptance of the order, unless, as suggested by defendant in his brief, the fact that the order only called for sudan grass seed and the letter which is pleaded as an acceptance of the order stated that plaintiff had booked the order for, "alfalfa and sudan grass seed," was such a variance from the terms of the order as would make it fall short of an acceptance under the general rule that an acceptance, to be effectual, must be identical with the offer and unconditional. Neither side has favored us with any authority on the point. The rule seems to be that an acceptance is not conditional, because the acceptor adds immaterial words. I Elliott on Contracts, chap. 3, par. 37.

Had plaintiff written defendant that it had booked the order for sudan grass seed, under the rule stated in Mente v. Heller et al., supra, it would have in law accepted the order. The letter then was clearly an acceptance of the order as to the sudan grass seed, the only thing in controversy. Inserting the word "alfalfa" was wholly immaterial. If the contract was thereby rendered ambiguous, it was still subject to explanation at the trial. It may be that a separate order for alfalfa seed was sent at the same or another time. If so, the single letter was sufficient acceptance of both orders. There might be a number of explanations which could be made as to why the word "alfalfa" was inserted in the letter, and, again, there may have been no excuse whatever for it.

Warren Brothers Co. v. Geo. R. King, 96 Minn. 190. 104 N. W. 816, is a case where almost the identical question arose in a similar way. The offer there involved was:

"We will lay the surface on Seventeenth avenue in Duluth, under specifications on file at the board of public works, for the sum of $1.40 a square yard; you to furnish the stone for the surface at the plant, we to furnish all other material and labor."

The reply thereto was:

"I will accept the terms of your letter of June 24th for the laying of the surface on Seventeenth avenue east. Also for Twenty-third avenue east, should the contract be awarded me."

The court in passing upon the two variances between the offer and acceptance said:

"It is contended, on the part of defendant. in support of his demurrer to the complaint, that it is apparent from the two letters just referred to that the minds of the parties did not meet upon anything definite and certain; that plaintiff's letter is an offer to lay the surface of Seventeenth avenue, while defendant's acceptance refers to Seventeenth avenue east. It may be that there are two avenues in Duluth, one known as Seventeenth avenue and another as Seventeenth avenue east; but this, if so, would merely render the contract ambigu-

ous as to its subject-matter, and subject it to parol identification, should a question arise on the trial. Plaintiff's offer was to surface Seventeenth avenue according to the specifications on file with the board of public works. These specifications thereby became a part of the contract, and were no doubt definite and specific as to the particular street. The mere fact that defendant added to his acceptance of plaintiff's proposition, that he would give plaintiff the contract for paving Twenty-third avenue east, should it be awarded him by the city, is wholly immaterial, and in no way changes the contract between the parties with reference to Seventeenth avenue, and there is no merit to this feature of defendant's argument."

The rule of the court, in construing pleadings as against objection to the introduction of evidence thereunder, is too well settled to require citation of authorities. This method of attacking pleadings is not favored, and if by fair and reasonable construction a cause of action is stated in the petition, however inartistic the allegations may be, it should be held good as against such objection.

The judgment should be reversed, and the cause remanded, with direction to grant the plaintiff a new trial.

BENNETT, HALL, JEFFREY, and HERR, Commissioners, concur.

By the Court: It is so ordered.