UNITED STATES for Use and Benefit of KINGSTON BITUMINOUS PRODUCTS CO. et al. v. TULLER CONST. CO. et al.

Civ. A. No. 4590.

District Court, D. New Jersey.

July 18, 1946.

Applegate, Stevens, Foster & Reussille, of Red Bank, N. J., for the Motion.

Koestler & Koestler, of Elizabeth, N. J., contra.

FORMAN, District Judge.

In the third count of the complaint in this case, plaintiff, Kingston Bituminous Products Company, sued the defendant, the Tuller Construction Company, for a breach of its alleged contract providing for the construction of the pavement at the Dunnage Yard Area, Naval Ammunition Depot, Earle, New Jersey. Defendant moved for summary judgment in its favor on this count.

On April 25, 1944 defendant invited plaintiff and others to submit bids on "all roadwork, sidewalks and curbs", etc., in accordance with plans and specifications.

In an addendum, dated April 28, 1944, to its invitation to bid of April 25, 1944, defendant advised plaintiff as follows: "Paving of dunnage yard is to be eliminated in its entirety."

On May 1, 1944 defendant addressed a letter to plaintiff in supplement to its original invitation of April 25, 1944, and the addendum of April 28, 1944, in which it introduced further conditions with the following paragraph: "Supplementing our invitation to bid on roadwork, side walks, Curbs, etc. dated April 25, 1944 and our addendum dated April 28th we attached herewith revised bid form showing Item No. 1 Lump Sum for roads, walks, curbs, etc., and Item No. 2 for Type No. 2 pavement at Dunnage Yard Area."

On May 5, 1944 defendant advised by telegram as follows: "RE YOUR QUOTATION THIS DATE FOR ROADS ETC ALL BIDS REJECTED. NEW BIDS WILL BE DUE MAY 6 3 PM YOUR LETTER HEAD IN DUPLICATE SEALED ENVELOPE. BID TO BE BASED ON CAST IN PLACE CURBS FEDERAL SPEC. AYD TYPE E 1 1/2 CONCRETE. BID ITEMS AS FOLLOWS 1 ROADS SIDE WALKS CURBS 1 N DEPOT AND PIER AREA LUMP SUM. 1A ROADS PER SQUARE YARD FOR ADDITIONS AND DEDUCTION. 1B SIDEWALKS SQUARE YARD. 1C CURBS UNIT PRICE LINEAL FEET. 2 DUNNAGE YARD TYPE 2 PAYMENT LUMP SUM. DUNNAGE YARDS PAVEMENT MAY BE DELETED FROM THIS WORK."

In a letter dated May 1, 1944 and signed May 6, 1941 (sic) plaintiff submitted its bid for Item No. 2 in the following form:

"Item 2. Type No. 2 Pavement-Dunnage yard $35,767.60. This work may be deleted." (See Exhibit E attached to plaintiff's Bill of Particulars.)

On May 10, 1944 defendant wrote plaintiff with reference to its bid as follows:

" * * * it is our intention to award you this contract under conditions satisfactory to the Bureau of Yards and Docks and with the approval of the Officer-in-Charge of Construction.

"Your bid on Item No. 1 in the amount of $50,067.90 is hereby accepted and your bid on Item No. 2 in the amount of $35,767.60 will be accepted provided that this portion of the work will be done. However you can exercise your option in doing Item No. 2.

"A formal contract will be drawn shortly."

On June 1, 1944 the defendant signed and sent to plaintiff a formal contract which did not refer to any option and provided: "It is understood that Item No. 2 covering paving at the Dunnage Yard, shall be omitted." Accompanying this contract was a form of purchase order covering Item No. 1 and recited also "Pavement for Dunnage Yard cancelled."

During these negotiations the Navy Department was undecided as to Item No. 2 and on or about June 1, 1944 it determined to eliminate this item and defendant was requested to estimate on cinder surfacing in the area of the Dunnage Yard. Defendant submitted a bid for cinders as requested, which was rejected June 13, 1944 and afterwards the Navy Department decided finally in favor of Item No. 2 the performance of which defendant itself undertook.

Thereupon plaintiff on July 10 wrote defendant as follows:

"We received a letter of intent dated May 10th accepting our bid on Item No. 1 in the amount of $50,067.90 and also accepting Item No. 2 in the amount of $35,767.60, providing that that portion of the work was to be done.

"Your letter specified that we could exercise our option on Item No. 2. We are hereby notifying you that we are exercising our option to accept Item No. 2."

Plaintiff's opposition to defendant's motion is predicated upon the contention that there was continued legal effectiveness of defendant's informal letter of acceptance dated May 10, 1944. It is argued that the provisions of this letter survived the formal contract dated June 1, 1944. It supports its legal analysis with a line of cases recognizing that parties may become legally bound before the final contract is prepared and signed. American Smelting & Refining Co. v. United States, 259 U.S. 75, 42 S.Ct. 420, 66 L.Ed. 833; Lehigh Structural Steel Co. v. Great Lakes Const. Co., 2 Cir., 72 F.2d 229; Wharton v. Stoutenburgh, 35 N.J.Eq. 266; Mente & Co. v. Heller, 99 N.J.L. 475, 123 A. 755; McCulloch v. Lake & Risley Co., 91 N.J.L. 381, 103 A. 1000; Trenton & Mercer County Traction Corp. v. Trenton, 90 N.J.L. 378, 101 A. 562, affirmed Trenton & Mercer County Traction Corp. v. Board of Public Utility Com'rs, 91 N.J.L. 719, 103 A. 1054.

The problem there is whether the parties intended to be bound prior to the execution of a final formal contract and whether the minds of the parties had met on definite and complete terms in the absence of the execution of the final form of agreement. Donnelly v. Currie Hardware Co., 66 N.J.L. 388, 49 A. 428; Water Com'rs of Jersey City v. Brown, 32 N.J.L. 504. In the case before us there were preliminary negotiations and writings followed by a final contract as embodied in the letter and purchase order, respectively, dated June 1, 1944.

That contract was apparently not signed by the plaintiff until June 29, 1944, and it was the effort of the plaintiff by way of pre-trial testimony and by affidavit to show that during this period and thereafter the parties conceived that there was a binding agreement between them that the plaintiff could, at any time, exercise its option to perform the work of paving the Dunnage Yard as described in Item No. 2 and mentioned in defendant's letter of May 10, 1944. The plaintiff insists that it brought its option to life by its letter of July 10, 1944 to defendant. We feel, however, that all of the negotiations between the parties were merged into the writing of June 1, 1944. No ambiguity appears in this writing which expressly excluded Item No. 2 from the contract. No admissible facts raise a question before the court on this issue that could be submitted to a

jury for resolution. Hence, defendant must prevail on its motion to strike Count 3 from plaintiff's complaint and an order should be taken accordingly.