Passaic County Court of Common Pleas.

DORA FLAMM AND FREDA FLAMM, PETITIONERS-APPEL-
LEES, v. CITY OF PASSAIC, RESPONDENT-APPELLANT.

Decided May 6, 1936.

For the petitioners-appellees, *Bernard Feinberg.*

For the respondent-appellant, *Skeffington & Walker.*

DAVIDSON, C. P. J. This is an appeal from the findings
of the workmen's compensation bureau in a cause wherein
the facts are undisputed and but a single question is pre-
sented for determination.

The decedent, a member of the fire department of the city
of Passaic, came to his death on February 9th, 1934, through
accident arising out of and in the course of his employment.
Under a salary-fixing ordinance, which, after a referendum
vote, became effective on January 1st, 1934, decedent's sal-
ary was $2,500 per annum and he had been receiving his full
salary in accordance with the provisions of said ordinance
from the time of his appointment until September, 1932,
when, prompted by prevailing financial conditions, a resolu-
tion was adopted by the board of commissioners of the city
of Passaic requesting the members of the police and fire
departments to contribute to the city an amount equal to ten
per cent. of their salaries commencing September 1st, 1932,

and continuing until August 31st, 1933. The members of the two departments consented in writing to make the contribution and expressly authorized the city treasurer to withhold the said percentage from their salary checks, both resolution and consent definitely stipulating that the making of the contribution was not to be considered as abridging or affecting in any way any rights, privileges or benefits belonging or accruing to the members of said departments under any law or laws of New Jersey with reference to retirements and/or pensions. Decedent, pursuant to this resolution received as salary for the year terminating August 31st, 1933, the sum of $2,250 and in September, 1932, without the passage of ordinance, resolution or other proceeding save oral agreement, an additional contribution of ten per cent. was authorized, so that at the time of decedent's death, he was actually receiving the annual sum of $2,000.

The sole question to be determined is whether the compensation awarded should be based upon the annual salary of $2,500 as fixed by the ordinance, or upon said amount less the annual contribution of $500. The issue turns upon the wages of decedent at the time of the accident which resulted in his death.

For all practical purposes, the terms "wages" and "salary" are synonymous and both mean "a sum of money periodically paid for services rendered," although in general good usage the term "wages" indicates pay received for a somewhat lesser degree of employment than that denoted by the word "salary," which is suggestive of a larger compensation paid for more important services. The Workmen's Compensation act (*Pamph. L.* 1911, *ch.* 95, *p.* 144, as amended, *Pamph. L.* 1913, *ch.* 174, *p.* 311; *Pamph. L.* 1919, *ch.* 93, *p.* 211; *Cum. Supp. Comp. Stat., p.* 3885, § \*\*236-32 (g) construes "wages" to mean "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident."

Section 1 of "An ordinance to fix and determine the salaries of the members of the fire department of the city of Passaic, N. J.," passed at a regular meeting of the board of

commissioners held on September 25th, 1923, and which took effect after its adoption by a referendum held on November 6th, 1923, definitely fixed decedent's salary during "the fifth year and each year thereafter" at $2,500 per year. This ordinance still appears to be in full force and effect, never having been repealed or modified and there is no paper-writing in existence nor agreement of any kind reducing the salary schedule as therein definitely fixed. While it may well be that by reason of lack of municipal funds due to insufficient tax receipts the firemen in their own best interests practically felt obliged to consent to remit or contribute twenty per cent. of their base salary, there was nothing compulsory about the arrangement on the part of the municipality. Each member of the department individually, in accordance with the request of the resolution adopted by the board of commissioners, consented in writing to make the initial contribution of ten per cent. from September 1st, 1932, until August 31st, 1933.

Although no further or other written consent to the continuation of the remission or contribution appears to have been requested by the board of commissioners or given by members of the fire department, an additional contribution of ten per cent. was, in September, 1933, orally agreed upon, so that decedent at the time of his death was actually receiving the actual sum of $2,000.

Certainly the mere fact that the contribution was consented to and made in unison by all members of the department, cannot cause it to assume any other character solely because it did not meet with objection on the part of one or several of those affected. There was nothing to prevent any individual from refusing to consent to the remission or contribution and if it was in fact a temporary contribution by one and not a reduction it was so for all. The concerted nature of the action did not make it other than individual in its application.

Some municipalities during the past several years have confronted a financial situation so severe that their employes received only a percentage of their contract wages, or in many

instances, nothing at all for extended periods. Certainly it can hardly be said they had no compensable wage if they met with an accident during one of the "payless pay day" intervals.

Appellants contend that the contribution or deduction was a definite reduction or change in salary and not merely a temporary arrangement. While it is conceded that the contributions continued for practically a year and a half prior to decedent's death, it does not appear that there was any intention that the arrangement was to be a permanent one. "Temporary" is the opposite of "permanent" and means "for a limited time only," and the resolution of September 1st, 1932, indicates that it was primarily considered because of the financial condition of the city. There is nothing to indicate that the fixed salary schedule would not be followed when financial conditions permit and it would seem that the fact no action of any kind would be required of anyone to make such enforcement effective is a true indication that the arrangement was a temporary one and so considered and intended by both the city and members of the departments.

It is further contended that *Pamph. L.* 1933, chapters 17 and 446, and chapter 3 of the laws of 1915 give municipalities power to reduce the salary or wages of employes by resolution. This contention is, of course, correct, but inapplicable to the case under consideration for the reason that the municipality did not take advantage of the act, and while it did request each member of the fire department to sign a written consent to a contribution, it never adopted a resolution authorizing any deduction.

My conclusion is that the determination of the deputy commissioner of the workmen's compensation bureau should be affirmed, and the appeal, therefore, is dismissed.