ERNEST LETTIERI, CORNELIUS REGAN AND ANDREW ZAKUTANSKY, PLAINTIFFS, v. THE GOVERNING BODY OF THE CITY OF BAYONNE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided May 17, 1979.

424

*Mr. Arthur W. Vespignani* for plaintiffs.

*Mr. Frank J. Ziobro* for defendant.

BILDER, J. S. C. This is an action in lieu of prerogative writs to invalidate an ordinance increasing the salary of a mayor.

In August 1978 an ordinance was adopted increasing the annual salary of the Mayor of Bayonne from $25,000 to $32,000.

On September 11, 1978 a petition was filed pursuant to *N. J. S. A.* 40A:9–165 requesting that the question of the salary increase be submitted to the voters at the next general election. Pursuant thereto the proposed increase was submitted at the November 7, 1978 general election and was rejected by the voters.

On February 15, 1979 an initiative petition was filed pursuant to *N. J. S. A.* 40:69A–184 *et seq.* requesting an ordinance increasing the annual salary of the mayor from $25,000 to $30,000 in three steps: $26,500 on January 1, 1978, $28,090 on January 1, 1979 and $30,000 on January 1, 1980, and further seeking a referendum in the event an appropriate ordinance was not enacted.

In March 1979 a new ordinance was adopted increasing the salary of the mayor from $25,000 to $30,000 in accordance with the three-steps proposal. Plaintiffs seek to invalidate this latest pay raise, contending it is barred by that provision of *N. J. S. A.* 40A:9–167 which makes the 1978 referendum vote binding for the following two years, and further, that the ordinance contains an invalid retroactive feature. Plaintiffs are registered voters and taxpayers of the City of Bayonne; their standing to bring this action is not disputed.

*I*

Initially it should be noted that the controlling statutes with respect to salary ordinances are *N. J. S. A.* 40A:9–165 *et seq. Lawrence v. Butcher,* 130 *N. J. Super.* 209 (App. Div. 1974). These provisions dealing specifically with salaries

prevail over the general referendum provisions of *N. J. S. A.* 40:69A–184 *et seq.* *Id.* at 212.

*N. J. S. A.* 40A:9–165 (hereinafter § 165) provides as follows:

The governing body of a municipality, by ordinance, shall fix and determine the salaries, wages or compensation to be paid to the officers and employees of the municipality, including the members of the governing body and the mayor or other chief executive, who by law are entitled to salaries, wages, or compensation. Such salaries, wages or compensation from time to time, by ordinance, may be increased, decreased or altered but no such ordinance shall reduce the salary of any appointed or elected tax assessor or tax collector during the term for which he shall have been appointed or elected and, except with respect to an ordinance or a portion thereof fixing salaries, wages or compensation of elective officials or any managerial executive or confidential employee as defined in section 3 of the New Jersey Employer-Employee Relations Act. P. L. 1941, c. 100 (C. 34:13A–3) as amended, the ordinance shall take effect as provided therein. In municipalities wherein the provisions of Title 11 (Civil Service) of the Revised Statutes are in operation, this section shall be subject thereto.

Where any such ordinance shall provide for increases in salaries, wages or compensation of elective officials or any managerial executive or confidential employee, the ordinance or that portion thereof which provides an increase for such elective or appointive officials, shall become operative in 20 days after the publication thereof, after final passage, unless within said 20 days, a petition, signed by voters of such municipality, equal in number to at least 5% of the registered voters of the municipality, protesting against the passage of such ordinance, be presented to the governing body, in which case such ordinance shall remain inoperative unless and until a proposition for the ratification thereof shall be adopted at an election by a majority of the voters voting on said proposition. The question shall be submitted at the next general election, occurring not less than 40 days from the date of the certification of the petition. The submission of the question to the voters shall be governed by the provisions of Title 19 (Elections) of the Revised Statutes, as in the case of public questions to be voted upon in a single municipality.

As can be seen from a reading of this statute, it covers two separate but interrelated subjects. In the first paragraph it empowers the governing bodies to fix salaries. In the second paragraph it provides for voter review of the salaries.

There can be no question that the salary ordinance of August 1978 was adopted pursuant to the authority contained in this section. Nor can there be any dispute that plaintiffs' petition which led to a rejection of that salary increase was filed pursuant to the same section.

Although there is no provision in § 165 which impairs the right of a governing body to adopt a new salary ordinance upon the rejection of an earlier salary ordinance, plaintiffs contend that such a bar exists by virtue of the provisions of following sections of the act, *N. J. S. A.* 40A:9–167 and 168 (hereinafter § 167 and § 168). The initial question therefore becomes one as to whether the bars of § 167 and/or § 168 relate in any way to § 165. From a close examination of these statutes, I conclude they do not. Section 165 stands as a unitary whole and has nothing to do with §§ 167 and 168. Conversely, the provisions of § 167 and § 168, although related *inter se,* do not relate to § 165.

In construing the statute one must look to its internal sense. See *Loboda v. Clark Tp.,* 40 *N. J.* 424, 435 (1963). Following this course, one may ask two questions: is there anything missing from § 165 which is supplied by § 167; is there anything in § 167 which would make the reading of § 165 together with § 167 inconsistent? As will be demonstrated, the answer is that § 165 requires nothing from § 167 and that the provisions of § 167 are inconsistent with a reading of § 165.

First, it should be noted that with respect to its referendum provisions, § 165 is complete. It provides that the increase becomes operative 20 days after publication after final passage unless within that time a referendum petition is filed. If the referendum petition is filed, then the operative date is postponed until the raise has been ratified by a majority of the voters. The submission of the referendum question is governed by those provisions in *Title* 19 of the Revised Statutes having to do with public questions to be voted upon within a single municipality. Thus, within the statute is contained the operative dates, the method of

submission to the voters, and the resulting consequences thereof.

An examination of § 167 shows that it also contains many of the elements of § 165, although the provisions thereof (for the good reason that they relate to a different subject matter) are inconsistent with § 165. Thus, for example, a salary increase may be made to take effect on a specified date as opposed to the 20-day provision in § 165. And the provision for referendum vote, including the very question to be asked, is covered by § 167 rather than *N. J. S. A.* 19:3-6.

Because of the inner unity of § 165 and by contrast, the inconsistencies which would result from trying to put § 165 together with § 167, I conclude that the referendum required by petition referred to in § 167 relates to a § 168 petition and not to a § 165 petition. This inevitably leads to the conclusion that the rejection of the salary increase as the result of the referendum vote of November 7, 1978 is not a bar to the adoption of a new salary ordinance in March of 1979.

## II.

It has already been noted that an initiative petition calling for a salary increase was filed subsequent to the rejection of the earlier ordinance. This initiative petition was filed pursuant to *N. J. S. A.* 40:69A-184 *et seq.*, a statute which is irrelevant to salary ordinances. *Lawrence v. Butcher, supra.* Thus, the petition had no legal effect although as a practical matter it apparently acted as a catalyst to cause the enactment of the new ordinance in March of 1979. Since the enactment of the new ordinance was not barred by the results of the prior general election, the fact that its enactment may have been precipitated by a petition which was a legal nullity is irrelevant.

Finally, plaintiffs have challenged the ordinance on the ground that it contained a retroactive feature calling for a

payment of sums for which no appropriation had been made. This contention has been abandoned by the plaintiffs.

The ordinance adopted in March 1979 is found to be valid and the stay heretofore entered is vacated and the order to show cause discharged.