PER CURIAM.
Plaintiff, former mayor of Atlantic City, sued the City for reimbursement of legal expenses he incurred in his successful defense of three law suits. The suits challenged his 1982 election as mayor on the basis of alleged election irregularities and dual office holding. The trial court granted the City’s motion for summary judgment and denied plaintiff’s motion for summary judgment. We affirm.
Substantially for the reasons given by Judge Gruccio in his opinion, 196 N.J.Super. 145 (Law.Div.1984), we hold that plaintiff was not entitled to reimbursement. The costs he incurred were for the defense of suits that challenged his entitlement to hold office and the regularity of his election. The expenses were not for costs incurred in the defense of legal attacks on his actions taken in the discharge of duties imposed or authorized by law. Compare Barnert v. Paterson, 48 N.J.L. 395 (Sup.Ct.1886) with Markham v. State, Dept. of *340 Revenue, 298 So.2d 210 (Fla.App.1974). See McQuillin Municipal Corporations (3d Ed 1968) § 12.137.
We also agree that the enactment of the Campaign Contributions and Expenditures Reporting Act, N.J.S.A. 19:44A-1, et seq., does not require public subsidy of an official’s election litigation expenses. Moreover, the existence of statutes providing indemnity to a police officer, N.J.S.A. 40A:14-155, or a board of education member, N.J.S.A. 18A.-12-20, for defense of an action connected with the performance of his duties does not make unlawful the public’s failure to indemnify an elected mayor for the kinds of expenses involved here.
Affirmed.