782 A.2d 919 (2001)
H. Leslie McCURRIE, Joseph Bigelow, Joseph Sloan, Ann Marie Sloan, Diana Salwan, Manuel Salwan, Frank Cardoza, Philip Chidichimo, Carol Jean Doyle, Norman A. Doyle, Jr., Margaret Pidgeon, and Daniel Pidgeon, as taxpayers of the Town of Kearny in name of, for, and on behalf of the Town of Kearny, Plaintiffs-Respondents/Cross-Appellants,
v.
TOWN OF KEARNY (for discovery purposes and on Third Count), Defendant-Respondent,
and
Robert M. Czech, Defendant-Appellant/Cross-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 2001.
Decided October 26, 2001.
*921 Allen Roth argued the cause for appellant (Ruderman & Glickman, attorneys; Robert M. Czech, on the brief).
Norman A. Doyle, Jr., argued the cause for respondents/cross-appellants (Doyle & Brady, attorneys; Mr. Doyle, on the brief).
Respondent Town of Kearny did not file a brief.
Before Judges CUFF, WECKER and WINKELSTEIN.
*920 The opinion of the court was delivered by WINKELSTEIN, J.A.D.
Robert M. Czech held the positions of municipal clerk and administrator for the Town of Kearny for a three-year term to expire on July 17, 1998. At a special meeting of the Town Council (Council) on December 31, 1997 a resolution was passed accepting Czech's resignation from his positions in return for payment to him of $27,500, plus accrued vacation time and other employment benefits. In a subsequent resolution Council also authorized reimbursement to Czech for his costs to defend this lawsuit. Plaintiffs, a group of taxpayers, filed this action pursuant to N.J.S.A. 2A:49-1 to -3,[1] to challenge Council's actions, arguing that an ordinance, rather than a resolution, was required to effectuate the resignation agreement. The Law Division agreed and vacated the resolution, holding that the money paid to Czech for his resignation was the equivalent of a salary which had to be fixed by ordinance. The court ordered Czech to repay the money, but ruled that it was permissible for Czech to receive reimbursement for counsel fees he incurred to defend this suit. We disagree with the judge's conclusion that the consideration paid to Czech for terminating his employment was salary. We also find Czech has neither a statutory nor common-law right to counsel fees under the facts of this case. Accordingly, we reverse on both issues.
I
The Town of Kearny is governed by the Town form of government pursuant to N.J.S.A. 40A:62-1 to -8, which allows the governing body to exercise all powers of local government in accordance with both its enabling legislation and the provisions of general law. On June 13, 1995 Czech was appointed by resolution to the combined positions of town administrator and *922 town clerk, effective July 17, 1995. By statute, the term for a municipal clerk is three years, N.J.S.A. 40A:9-133, while a municipal administrator serves at the pleasure of the governing body, N.J.S.A. 40A:9-137. The statutory references are incorporated into the Town Code, which defines the terms of office and the general powers and duties for each respective position. Town of Kearny, New Jersey, Code Article 3, §§ 2-6 & 2-7 (1973). The terms and conditions of Czech's employment are detailed in a document captioned "Terms of Employment" dated June 13, 1995, signed by both Czech and the Mayor. The pertinent provisions of the agreement provide that Czech receive an annual salary of $85,000 and his employment as the new full-time administrator/clerk was for a three-year term, beginning July 17, 1995. An ordinance establishing and creating an $85,000 salary for the position of administrator/clerk was passed on second reading on July 11, 1995. In addition to the annual salary, Czech received benefits including medical and dental coverage, life insurance, paid holidays and sick days.
On November 4, 1997 three new Council members were elected, to take office on January 1, 1998. Prior to the election, they expressed a desire to remove Czech from his position. Czech believed his continued employment with the Town would be a "politically divisive issue" so he and the Mayor entered into negotiations for a severance agreement to allow Czech to leave his position prior to the expiration of his term. On December 8, 1997 Czech sat for and passed the Registered Municipal Clerks' Examination, which is a prerequisite for reappointment as the municipal clerk and receiving tenure. N.J.S.A. 40A:9-133.6; N.J.S.A. 40A:9-133.8. There is no dispute that Czech was entitled to remain in his position until July 17, 1998 regardless of the political configuration of the newly elected Council.
A duly advertised special meeting of the Council was held on December 31, 1997 beginning at 11:30 a.m. On the agenda was the resolution regarding Czech's resignation and severance pay. The resolution, 1997-(R)-708, was introduced by the Mayor and reads as follows:
WHEREAS, Robert M. Czech has a statutory term as Town Clerk which pursuant to N.J.S.A. 40A:9-133 ends on July 17,1998, and
WHEREAS, Robert M. Czech has an agreement with the Town of Kearny to serve as Administrator through July 17, 1998, and
WHEREAS, in order to allow the Municipal Governing Body to commence the new year with the Opportunity to fill these positions;
NOW THEREFORE BE IT RESOLVED by the Mayor and Council of the Town of Kearny, in the County of Hudson, that in consideration for the resignation of Robert M. Czech as Town Clerk and Town Administrator the parties, i.e. Robert M. Czech and the Mayor and Council of the Town of Kearny, mutually agree to the following:
1. The resignation of Robert M. Czech as Town Clerk and Town Administrator shall be effective as of 6 PM on December 31, 1997 subject to the following conditions:
a.) Robert M. Czech whose annual salary is $85,000.00, shall be paid $27,500 plus all vacation time due him through the end of his term on July 17, 1998 with said vacation time not to exceed 13.5 days.
b.) Robert M. Czech shall be covered for all health benefits including the Point of Service Plan, Dental Plan and Prescription Plan through March 31, 1998.

*923 c.) In further consideration of the above and upon fulfillment of the above conditions Robert M. Czech agrees to waive any salary increase due him as required by N.J.S.A. 40A:9-165.
BE IT FURTHER RESOLVED by the Mayor and Council of the Town of Kearny in the County of Hudson that the Mayor and Town Attorney are hereby authorized to execute this resolution on behalf of the Mayor and Council and that this resolution shall take effect immediately upon its signature by all parties.
ADOPTED: December 31, 1997
According to the minutes of the meeting, the amount of severance pay and reimbursement for vacation time were briefly discussed. The resolution, which was to take immediate effect, passed unanimously. It was signed by the Town Attorney, the Mayor and Czech.
Czech resigned at 6 p.m. on December 31, 1997. He received a check in the gross sum of $32,894.21 dated December 31, 1997, allocated as follows: "regular" earnings of $980.76, "special" earnings of $27,500, and "vacation" earnings of $4,413.45. Deductions were made for Federal, State and Social Security taxes. The net amount Czech received was $23,363.86.
II
On January 15, 1998 plaintiffs filed a complaint in lieu of prerogative writs, subsequently amended on two occasions. Plaintiffs sought to declare the December 31, 1997 resolution null and void, and have Czech repay to the Town all sums received pursuant to the resolution. The complaint also sought damages.
After the complaint was filed, on February 24, 1998 Council passed resolution 1998-(R)-126 authorizing reimbursement to Czech for legal fees he would incur to defend the lawsuit. The resolution was challenged in the second amended complaint as an illegal gift of taxpayer funds. Czech filed a cross-claim against Kearny seeking indemnification for damages, costs and fees, alleging he was a party to the lawsuit solely as a result of his position as the town administrator/clerk. He demanded reinstatement in the event the resolution authorizing his resignation was found illegal. Czech also filed a counter claim against plaintiffs, which has been dismissed, and is not an issue on appeal.
Plaintiffs and defendants cross-moved for summary judgment. Plaintiffs argued the resolution authorizing severance pay was illegal since it was a modification of Czech's salary, thereby requiring adoption by ordinance. Czech countered that the money and other benefits he received was to induce him to vacate his position early and was not salary; accordingly a resolution, not an ordinance, constituted sufficient action by the municipality to validate the agreement. He submitted that had he completed his three-year term ending on July 17, 1998 he would have received compensation of approximately $46,000. Instead, he relinquished that entitlement and agreed to leave early in return for accepting a lesser sum, $27,500, plus accrued vacation and sick time.
Citing to N.J.S.A. 40A:9-165, the motion judge disagreed and concluded that the money received by Czech was salary and was required to be fixed by ordinance. The court's decision, memorialized in an October 28, 1998 order, granted summary judgment to plaintiffs. The court found (1) resolution 1997-(R)-708 authorizing payment to Czech for resigning his position was void; (2) resolution 1998-(R)-126 authorizing reimbursement to Czech for legal fees was valid; (3) Czech was required to repay the Town all sums received pursuant to resolution 1997-(R)-708, *924 less an allocation for expenses and counsel fees; and (4) plaintiffs were entitled to counsel fees. A future hearing was ordered to determine the specific amount to be paid to Czech and plaintiffs' counsel for legal services. See N.J.S.A. 2A:49-3.
After additional motions and cross-motions were filed, and following oral argument, on February 26, 1999 the judge issued a written opinion in which he denied Czech's motion to file a supplemental cross-claim against the Town, and dismissed Czech's cross-claims and counterclaims. By order of March 30, 1999 the court reduced to judgment the sum of $23,363.06,[2] payable by Czech to the Town, and awarded $7,226.13 to plaintiffs' counsel to be paid out of the recovery against Czech.
III
We first address whether an ordinance was required to effectuate the resignation agreement. Salaries, wages or compensation paid to officers and employees of a municipality are fixed by ordinance, unless otherwise provided by law. N.J.S.A. 40A:9-165. Increases, decreases or any other modifications must also be approved by ordinance. Ibid.; Riddlestorffer v. City of Rahway, 82 N.J.Super. 423, 429, 197 A.2d 883 (Law Div.1964); see Howard v. Mayor of Paterson, 6 N.J. 373, 376-79, 78 A.2d 893 (1951) (holding higher salary ranges invalid because they were established by resolution rather than by ordinance); Cooper v. Mayor of Haddon Heights, 299 N.J.Super. 174, 179, 690 A.2d 1036 (App.Div.1997) (noting that a "municipality's authority to establish the salaries of its employees and officers ... can be exercised only by adoption of an ordinance"); see also Heil v. Mayor of Wildwood, 11 N.J. Misc. 171, 172, 164 A. 868 (Sup.Ct.1933) (setting aside resolution reducing the city clerk's salary because salary not fixed by ordinance).
The word "salary" is commonly defined as meaning an "agreed compensation for services." Black's Law Dictionary 1337 (7th ed.1999). More specifically, the word "salary" means an agreed compensation "for personal services." Ballentine's Law Dictionary 1133 (3d ed.1969). Case law is in accord, in that for all practical purposes, the words "wages" and "salary" are considered synonymous; both words are defined generally as meaning "a sum of money periodically paid for services rendered." Flamm v. City of Passaic, 14 N.J. Misc. 362, 363, 184 A. 748 (C.P.1936).
This view of "salary" comports with the "common-law principle that a public officer who renders no service is not entitled to prevail in an action seeking compensation" in order to avoid "placing upon the public the burden of expenditures for salaries without corresponding services." DeMarco v. Board of Chosen Freeholders, 21 N.J. 136, 143, 121 A.2d 396 (1956); accord Kelty v. State, Dept. of Law & Public Safety, 321 N.J.Super. 84, 90, 93, 728 A.2d 273 (App.Div.1999); see also City of Hoboken v. Gear, 27 N.J.L. 265, 279 (Sup.Ct.1859) (stating the right to compensation grows out of the rendition of services, and not out of contract between the government and the officer that renders the services); cf. State v. International Fed'n. of Prof'l. and Technical Eng'rs., 169 N.J. 505, 534, 780 A.2d 525 (2001) (holding, in another context, the common law "no work no pay" rule for public employees, which protects a public entity from paying for services it does not receive, no longer applicable in modern labor jurisprudence).
*925 The first question, then, is whether Czech was paid a salary in return for resigning from office. We find he was not. If Czech remained as the town administrator/clerk until the end of his term on July 17, 1998 he would have been entitled to six-and-one-half months' salary, approximately $46,000, plus 13.5 vacation days, medical and other benefits. He agreed to resign from his position in consideration of a sum substantially less than he would have earned had he stayed. Payments made to Czech by Kearny were not for Czech's rendering of personal services to Kearny, but rather in consideration for his promise to resign. It was a contract for Czech to leave office in return for monetary compensation. A resolution was sufficient municipal action to authorize such an agreement. Czech was not being paid a salary which would require the passage of an ordinance. N.J.S.A. 40A:9-165.
Generally, a municipality may exercise its delegated powers "through either an ordinance or a resolution." Inganamort v. Borough of Fort Lee, 72 N.J. 412, 417-18, 371 A.2d 34 (1977). In Inganamort, the Court described the general distinction between an ordinance and a resolution:
An ordinance is distinctly a legislative act; a resolution, generally speaking, is simply an expression of opinion or mind concerning some particular item of business coming within the legislative body's official cognizance, ordinarily ministerial in character and relating to the administrative business of the municipality. Thus, it may be stated broadly that all acts that are done by a municipal corporation in its ministerial capacity and for a temporary purpose may be put in the form of resolutions, and that matters upon which the municipal corporation desires to legislate must be put in the form of ordinances.
[Ibid. (citing McQuillin, Municipal Corporations (3d ed.1973) § 14.02 at 43-45 (now McQuillin, Municipal Corporations (revised 3d ed.1996) § 15.02 at 59 (footnotes omitted)); see also 34 New Jersey Practice, Local Government Law § 6.1 at 201 (Michael A. Pane) (3d ed.1999).]
It is firmly established that, "when the law requires a proceeding to be instituted by an ordinance, it cannot be effected by resolution." Chasis v. Tumulty, 8 N.J. 147, 153, 84 A.2d 445 (1951). It is also well settled that, "where a statute fails to indicate whether the power should be exercised by ordinance or resolution, it may be done by either means." Fraser v. Township of Teaneck, 1 N.J. 503, 507, 64 A.2d 345 (1949); see Township of North Bergen v. Jersey City, 232 N.J.Super. 219, 224, 556 A.2d 1255 (App.Div.), certif. denied, 117 N.J. 632, 569 A.2d 1334 (1989) (reconfirming that where a statute does not expressly require action by ordinance or resolution, the power may be exercised by either means). Accordingly, in the absence of statutory language to the contrary, a local government may enter into a contract by the passage of a resolution. Jersey City v. Town of Harrison, 71 N.J.L. 69, 71, 58 A. 100 (Sup.Ct.1904), aff'd, 72 N.J.L. 185, 62 A. 765 (E. & A.1905). Accord In re Gardiner, 67 N.J.Super. 435, 445, 170 A.2d 820 (App. Div.1961); Buckley v. Mayor of Jersey City, 105 N.J. Eq. 470, 479, 148 A. 630(Ch.), aff'd, 107 N.J. Eq. 137, 151 A. 905 (E. & A.1930).
Here, the Town and Czech entered into an agreement whereby Czech would resign in return for a lump-sum payment and certain other benefits. He was not being compensated for the performance of personal services. He had a right to continue in the job, but gave up that right under the terms of the agreement. The *926 agreement was contractual, not legislative in nature, and as such a resolution is sufficient. The purpose of the salary ordinance provision, N.J.S.A. 40A:9-165, is to empower the governing body to fix salaries. Lettieri v. Governing Body of Bayonne, 168 N.J.Super. 423, 426, 403 A.2d 64 (Law Div.1979). There is no support for a conclusion that the statute was intended to cover payments made by a local government to employees other than for the performance of services in their official capacities. The statute requires that a salary schedule for each municipal officer's job title be adopted by ordinance. It fixes the amount of compensation for performing a certain task. Here, payment to Czech was not an adjustment of compensation for performance of services, but rather a contract to sever the employment relationship. The Town's actions were comparable to the buy-out of an employment contract, not to the fixing of salary or wages. The trial court's conclusion that an ordinance was needed to approve the severance agreement was error.
IV
In light of our decision that the resolution approving payment to Czech was a valid exercise of municipality authority, the points raised on appeal and the cross appeals concerning procedural matters and Czech's reappointment are moot.[3]
V
The final issue is whether Czech is entitled to counsel fees. The motion judge found he was. We disagree.
In his claim for counsel fees, Czech relies upon N.J.S.A. 40A:9-134.1, effective March 25, 1991, which mandates the governing body of a municipality provide the municipal clerk with the means to defend any action or legal proceeding "arising out of and directly related to the clerk's lawful exercise of authority in the furtherance of official duties," subject to certain exceptions. Czech argues that the action by the governing body ratifying the agreement to sever his relationship as clerk was legal and authorized, and was based on his position as clerk; thus he should be entitled to recover fees under the statute. We find, however, that neither the language of the statute, nor its intent, support his position.
The powers of a municipal clerk are statutory. N.J.S.A. 40A:9-133(e). Additional duties may be imposed by municipal ordinance. N.J.S.A. 40A:9-133(e)(7). The Town Code defines the tenure, qualifications and general powers and duties of the clerk in Section 2-7.
2-7 TOWN CLERK.
2-7.1 Appointment; Term. Pursuant to N.J.S.A. 40A:9-133, there shall be a Town Clerk appointed by the Mayor and Council. The Clerk's term of office shall be three (3) years. (New)
2-7.2 Qualifications. No person shall be reappointed as Town Clerk unless he shall have a Registered Municipal Clerk Certificate issued pursuant to N.J.S.A. 40A:9-133 et seq. (New)
2-7.3 General Powers and Duties. The Town Clerk shall:
a. Perform all of the functions required of Municipal Clerks by the General Election Law (Title 19 of the New Jersey Statutes) and any other State law or other Town ordinance, and *927 receive the fees prescribed therefor for the use of the Town.
b. Until such time as a separate Alcoholic Beverage Control Board may be established pursuant to law, issue such licenses as may be authorized by the Mayor and Council pursuant to the State Alcoholic Beverage Control Law (N.J.S.A. 33:1-1 et seq.) and ordinances of the Town.
c. Keep all records, resolutions, ordinances and minutes of the meetings of the Mayor and Council.
d. Issue all licenses required by law or ordinance, faithfully make all reports required by law or ordinance to the Mayor and Council and monthly account for all fees received by him or her.
e. See to it that all ordinances and notices of the Town of Kearny are properly advertised.
f. Take care of all correspondence of the municipality and of the Mayor and the Council.
g. Administer oaths.
h. Have such other, different and additional functions, powers and duties as may be prescribed by law, or ordinance or regulation. (New)
As can be seen from the ordinance, the clerk's official duties include a number of administrative and ministerial functions. Here, when he entered into the contract with the Town to resign from office in return for specific compensation, Czech was not engaged in any of his official duties. His action was strictly for his own benefit.
Although there is no published opinion directly addressing this specific issue, an analogy may be drawn to the statute which controls the conditions under which a member of a police department may be entitled to reimbursement for expenses incurred in defending against a disciplinary or criminal proceeding. N.J.S.A. 40A:14-155. The language of the statute is strikingly similar to the language in N.J.S.A. 40A:9-134.1. It reads, in part:
Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality.
[N.J.S.A. 40A:14-155 (emphasis added).]
Although we have been unable to find any helpful legislative history for N.J.S.A. 40A:9-134.1, the legislative history and the case law interpreting N.J.S.A. 40A:14-155 provides guidance. Prior to its amendment in 1986, N.J.S.A. 40A:14-155 required the governing body to defend an officer in a legal proceeding arising out of "or incidental to" the performance of his duties. In its January 1986 amendment, the Legislature deleted the language "or incidental to." According to the Senate County and Municipal Government Committee, Statement to Senate Bill No. 1684 (1984) (reprinted in N.J. Stat. Ann. § 40A:14-155 (West 2000)), the change was made because a number of court decisions had:
expanded the obligation imposed by the literal terms of this section to reach, not only charges of improper performance of police duties, but also charges arising from acts outside the scope of police duties, but occurring in the course of the performance of those duties, and *928 charges arising solely from the person's status as a police officer. This bill would eliminate the coverage of this section for charges arising from acts outside the scope of police duties, but occurring in the course of the performance of those duties, for such "status charges."
In other words, under the statute prior to its amendment, police officers had been provided a defense for charges arising solely from their status as police officers. That is no longer the case. Gordon v. Borough of Middlesex, 268 N.J.Super. 177, 632 A.2d 1276 (App.Div.1993). When the statute was amended changing the wording from "arising out of or incidental to the performance of his duties" to "arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties," the "status rule" was specifically rejected. Id. at 182-83, 632 A.2d 1276. Now the charges must be "directly related to the lawful exercise of police powers in furtherance of his official duties" for a municipality to provide an officer's defense. Ibid.
In Gordon, we referred to Sparkman v. Atlantic City, 237 N.J.Super. 623, 568 A.2d 917 (App.Div.), certif. denied, 121 N.J. 660, 583 A.2d 346 (1990), and Bruno v. Atlantic City, 239 N.J.Super. 469, 571 A.2d 1003 (App.Div.), certif. denied, 122 N.J. 165, 584 A.2d 231 (1990). 268 N.J.Super. at 184-85, 632 A.2d 1276. In Sparkman, a police officer attended the party of another officer and allegedly possessed and used marijuana. It was concluded that the officer was not entitled to reimbursement to defend charges brought against him arising out of the incident because the charges did not directly relate to the lawful exercise of any police power in furtherance of his official duties. Sparkman, 237 N.J.Super. at 629, 568 A.2d 917. In Bruno, the officer was charged with unlawfully removing cocaine from an impounded vehicle for his own use and distribution. 239 N.J.Super. at 472-73, 571 A.2d 1003. Although he was later cleared on all charges, we held he was not entitled to reimbursement for counsel fees. Id. at 470-71, 475, 571 A.2d 1003. The acts charged were outside the scope of his official duties. Id. at 473, 571 A.2d 1003.
The facts in Gordon are similarly instructive. Gordon was a sergeant with the Middlesex Borough Police Department. During the investigation of a patrolman, two people arrived at police headquarters to speak to the investigating detective. When they arrived, Gordon did not ask their names, but went to the parking lot to obtain the license plate number from the car in which they arrived, and then accessed the computer to obtain the identity of the witnesses. He gave the information to the patrolman who was the target of the investigation. Gordon, 268 N.J.Super. at 180, 632 A.2d 1276. Charges were brought against Gordon for official misconduct, obstructing the administration of law and wrongful access to a computer system. A jury acquitted him of all charges. In addressing whether he was entitled to counsel fees to defend the charges, we concluded that although obtaining the names of witnesses was within Gordon's duties, whether his use of the computer was for a lawful purpose or his own purpose was a factual issue. Id. at 183, 632 A.2d 1276. We remanded for a determination whether the information was obtained for his personal use, thereby prohibiting him from recovering under N.J.S.A. 40A:14-155. Id. at 186, 632 A.2d 1276.
Although in this case Czech was not accused of any misconduct as is the common thread in all of the cases in which police officers seek defense costs, the rationale underlying each decision that a municipal employee is not entitled to counsel *929 fees to defend lawsuits which do not arise out of and in furtherance of his official dutiesis well-founded. Here, Czech's agreement to sever his position with the Town was for his own personal benefit. He did not sign the agreement in furtherance of any of his official duties. He took no action arising out of or directly related to the lawful exercise of his authority in furtherance of those duties. His mere status as clerk is not sufficient to warrant defense costs under N.J.S.A. 40A:9-134.1.
Courts have looked to the subject matter of the underlying suit to determine whether the public should bear the burden of an expense in these types of cases. Matthews v. Atlantic City, 196 N.J.Super. 145, 150, 481 A.2d 842 (Law Div.), aff'd, 196 N.J.Super. 338, 482 A.2d 530 (App.Div. 1984). As Judge Gruccio, then sitting in the Law Division, found, "[i]f the allegations of the law suit itself do not involve the exercise of or the failure to exercise an official duty, the public official is not entitled to indemnification and the appropriation of funds by a city council for such purpose would be impermissible." Ibid.
In Matthews, the former mayor of Atlantic City brought an action seeking to compel the City to authorize payment for legal expenses he incurred to successfully defend an election contest. One of plaintiff's arguments was that a legal defense should have been provided since a statutory defense is authorized to both school board members and police officers, pursuant to N.J.S.A. 18A:12-20 and N.J.S.A. 40A:14-155, respectively. In analyzing Matthews' argument, Judge Gruccio cited to Van Horn v. City of Trenton, 80 N.J. 528, 404 A.2d 615 (1979), where the Supreme Court, in considering the application of N.J.S.A. 40A:14-155, found:
[t]he terms of the statute itself evidence an apparent legislative concern that police officers might be discouraged from effectively pursuing their duties if they were forced to provide their own defense against civil actions and criminal charges brought by disgruntled "victims" of law enforcement. Police officers, by the very nature of their duties, are exposed to a substantial risk that such civil or criminal actions will be initiated, regardless of their merits (citations omitted). The possibility of having to incur legal expenses to answer for one's conduct as a police officer would most certainly temper one's performance of police duties. We are convinced that the Legislature, by enacting N.J.S.A. 40A:14-155, was obviously attempting to minimize the intrusion of this concern into the momentary decision which police officers are continually required to make.
[Id. at 536, 404 A.2d 615 (as cited in Matthews, 196 N.J.Super. at 156, 481 A.2d 842).]
A similar analysis may be applied in this case. An obvious purpose of N.J.S.A. 40A:9-134.1 is to provide a municipal clerk with the means to defend an action taken in furtherance of his official duties so the clerk may not be discouraged from pursuing those duties. Among a municipal clerk's duties, for example, are those functions required to effectuate the General Election Laws. N.J.S.A. 40A:9-133(e)(3); Kearny Town Code, § 2-7.3(a). It is not unusual that lawsuits are filed against a municipal clerk for actions taken in the furtherance of those duties. A municipal clerk should not have to be concerned about the costs of defense of a lawsuit if she rejects a petition to place a question on the ballot, or places a candidate in a designated column on the ballot in the face of an objection of the opposing candidate. Under such circumstances, N.J.S.A. 40A:9-134.1 authorizes the municipality to pay for the clerk's defense. It gives the clerk an incentive to exercise her *930 duties and obligations without fear of having to personally finance a defense if sued. Here, the purpose of the statute to allow the clerk to do his job without fear of incurring expense of defending a lawsuit is not implicated. The intent of the statute is not to protect the clerk against lawsuits for actions taken in pursuance of the clerk's personal benefit; rather, it is only when the clerk takes action in furtherance of the clerk's official duties that such a defense is warranted.
We must give effect to the legislative intent when considering a statute, analyzing the language of the statute, the policy behind the statute, concepts of reasonableness and legislative history. Cedar Cove, Inc. v. Stanzione, 233 N.J.Super. 336, 340, 558 A.2d 1351 (App.Div. 1989), rev'd on other grounds, 122 N.J. 202, 584 A.2d 784 (1991) (citations omitted). When N.J.S.A. 40A:9-134.1 was passed, the Legislature was aware of the restrictive interpretation it had placed upon N.J.S.A. 40A:9-155. N.J.S.A. 40A:9-134.1 was passed in 1991; N.J.S.A. 40A:9-155 was amended in 1986. There is no reason to believe the Legislature in 1991 would have intended a more expansive interpretation of a statute providing a defense for town clerks, than it intended for a similarly worded statute affecting municipal police officers in 1986.
The analysis under the common law is similar to that under the statute. The issue again is whether the action defended was an official duty or one taken for personal motives. Cobb v. City of Cape May, 113 N.J.Super. 598, 602, 274 A.2d 622 (Law Div.1971) (citing 10 McQuillin Municipal Corporations, § 29.14 at 268).
[p]ublic policy dictates that public officials, acting bona fidely within the apparent sphere of their duties and for the benefit of the municipality, should be protected by the municipality against personal loss from such actions as the one involved here.... He should not be constantly apprehensive in the performance of his duties that he may be involved in litigation which might prove expensive to himself personally.
[Cobb, 113 N.J.Super. at 602, 274 A.2d 622.]
Other cases are in accord. Errington v. Mansfield Twp. Bd. of Educ., 100 N.J.Super. 130, 137, 241 A.2d 271 (App.Div.1968) (observing a distinction between expenditure of public funds to defend purely personal tort action against school board member and a similar expenditure of public funds to defend board member sued for libel, when the basis of the suit was a duly adopted resolution voted for by board member at public meeting); Errington v. Mansfield Twp. Bd. of Educ., 81 N.J.Super. 414, 420, 195 A.2d 670 (App.Div.1963), rev'd and remanded on other grounds, 42 N.J. 320, 200 A.2d 492 (1964) (finding that to warrant a defense at public expense, when a public official is sued individually for libel, the public official must have been performing, in good faith, a duty of his office or position in furtherance of the work of the board for which he was purportedly acting); Palmentieri v. City of Atlantic City, 231 N.J.Super. 422, 555 A.2d 752 (Law Div.1988) (holding a city councilman, who allegedly made certain defamatory remarks to a reporter when speaking at a private function, was not acting in the discharge of his official duties and not entitled to a defense); Golaine v. Cardinale, 142 N.J.Super. 385, 361 A.2d 593 (Law Div.1976), aff'd o.b., 163 N.J.Super. 453, 395 A.2d 218 (App.Div.1978), certif. denied, 79 N.J. 497, 401 A.2d 252 (1979) (finding counsel fees not payable to planning board member challenging his removal from and seeking reinstatement to the board); Powers v. Union City Bd. of Educ., 124 N.J.Super. 590, 596, 308 A.2d *931 71 (Law Div.1973), aff'd, 127 N.J.Super. 294, 317 A.2d 373 (App.Div.), certif. denied, 65 N.J. 575, 325 A.2d 709 (1974) (finding that if conduct giving rise to the charge failed to either arise out of the performance of public duties or in the course of performance of those duties, obligation to pay legal defense remains with the individual and could not be imposed as public burden).
It cannot be disputed that the primary beneficiary of the severance agreement was Czech. Although the Town may have incidentally benefitted by saving money and allowing the governing body to fill Czech's position with its own choice for Clerk and Administrator, any benefit to the Town was purely secondary to Czech's.
The general rule is that an award of counsel fees is limited to special circumstances as defined in R. 4:42-9 or as authorized by contract or statute. McGuire v. City of Jersey City, 125 N.J. 310, 326, 593 A.2d 309 (1991); R. 4:42-9. Our court rules embrace the view that "sound judicial administration will best be advanced by having each litigant bear his own counsel fee except in those few situations specifically designated" in the rule. Pressler, Current N.J. Court Rules, comment 1 on R. 4:42-9 (2002) (quoting Gerhardt v. Continental Ins. Cos., 48 N.J. 291, 225 A.2d 328 (1966)). Czech has demonstrated neither a statutory right nor a common-law right to reimbursement for fees in defending this suit. The underlying actionthe defense of his contract to sever his employment relationshipis not directly related to his lawful exercise of authority in furtherance of his official duties.
VI
In summary, we find resolution 1997-(R)-708 approving the severance agreement a proper exercise of municipal power, while resolution 1998-(R)-126, authorizing the Town to pay counsel fees to Czech to defend the lawsuit, an invalid exercise of that power. Since plaintiffs were not successful in their attack upon the resolution authorizing the severance agreement, and no fund has been recovered, they are not entitled to counsel fees; if already paid, the fees must be returned to the Town. Czech may keep the sum of $23,363.85, which he received by check dated December 31, 1997. If counsel fees were paid on his behalf to defend this lawsuit, they must be returned to the Town. The case is remanded to the trial judge to enter an order accordingly.
Reversed.
NOTES
[1] Suit may be filed to recover funds improperly paid by a municipality by "freeholders of such municipality ... who have paid taxes on real estate in such municipality ... within 1 year, in the name of and for and on behalf of such municipality...." N.J.S.A. 2A:49-1. The reference to "freeholders" is a reference to taxpayers. Ippolito v. Mayor of Hoboken, 60 N.J.Super. 477, 159 A.2d 425 (App.Div. 1960).
[2] There is no explanation for the discrepancy between the $23,363.06 figure in the order and the $23,363.85 Czech received by check from the Town.
[3] Since the Town's exercise of authority was proper, plaintiffs, as taxpayers, are not entitled to have their counsel fees paid from public funds, since their recovery of fees is only available out of "any recovery had in an action under this chapter." N.J.S.A. 2A:49-3. While plaintiffs did not directly argue this issue in their briefs, the claim for fees must fail because there will be no recovery.