**Pearl M. RIEGER, Appellant**

v.

**TOWNSHIP OF FAIRFIELD; A. Craig Thomas; Viola Thomas; Marvin R. Peirce; Jose Velez.**

No. 04–1197.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 25, 2005.

Decided Feb. 9, 2005.

the victim at the scene, investigate the murder, and apprehend and prosecute the perpe-

William J. Martin, Martin, Gunn & Martin, Westmont, NJ, for Appellant.

Philip G. George, Eric M. Bernstein & Associates, Warren, NJ, for Appellees.

Before SCIRICA, Chief Judge, RENDELL and FISHER, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Pearl Rieger appeals the order of the District Court for the District of New Jer-

trators, are undisputedly law enforcement activities.

sey granting summary judgment for the Township of Fairfield ("Township") on her claim under 42 U.S.C. § 1983. Rieger claims that she was wrongfully terminated as municipal clerk during her three year term of office and was deprived of her due process rights under the Fourteenth Amendment when the Township failed to afford her any notice or a hearing. The District Court found that Rieger had no property interest in the remainder of her term and, therefore, was not entitled to procedural due process prior to termination. We will reverse and remand.

## I. Factual and Procedural Background

As we write only for the parties, we include only such factual and procedural events as are necessary to our decision. Rieger was appointed as municipal clerk for a six month term on July 1, 1997. On January 1, 1998, she was nominated and unanimously approved for the position of municipal clerk for a three year term. This appointment was to run from January 1, 1998 to December 31, 2000.[1] At a June 20, 2000 township meeting, by a vote of 3–2, Beth Taylor was appointed to replace Rieger. Two days after the meeting, plaintiff received a letter informing her that her employment had been terminated.

Rieger brought suit in the United States District Court for the District of New Jersey under 42 U.S.C. § 1983, claiming violation of her Fourteenth Amendment Due Process rights because she was not afforded notice or a hearing prior to her termination. She also brought state law claims for breach of statutory term, breach of implied contract and discrimination. The District Court denied summary judgment for the plaintiff and granted summary judgment for the defendants, dismissing the § 1983 claim with prejudice. The District Court also dismissed all of plaintiff's state law claims, dismissing the discrimination claim and implied contract claims without prejudice.

Plaintiff subsequently brought her state law claims for violation of statutory term, violation of implied contract rights, and age and race discrimination in the Superior Court of New Jersey, Law Division, Cumberland County. On April 30, 2004, the trial court granted plaintiff's motion for summary judgment on the breach of statutory term of office claim and the breach of the implied contract claim. Rieger now appeals the District Court's dismissal of her § 1983 claim.[2]

---

1. We note that there is some confusion as to whether the first appointment should be viewed as commencing a 3 year term beginning on July 1, 1997 or whether it was for a six month term after which plaintiff was reappointed to a three year term beginning on January 1, 1998. The District Court found that plaintiff's first appointment was for 6 months and after that six month period expired, plaintiff was reappointed to serve a three year term on January 1, 1998. We will assume for purposes of this appeal that she was appointed to a three year term beginning January 1, 1998. However, even if plaintiff's three year term should be viewed as commencing on July 1, 1997, our reasoning below does not change, as plaintiff's term was still to have extended until July 1, 2000, and was,

thus, cut short when she was terminated on June 20, 2000.

2. Rieger also claims on appeal that it was error for the District Court to enter any opinion as to whether or not she would have attained tenure if she had completed her three year term. The District Court considered the discussion of tenure necessary to the disposition of at least some of Rieger's state law claims. Rieger claims this was error because the District Court had already dismissed her federal claim and, therefore, should not have entered any opinion on her state law claims. However, because the District Court had discretion to address her state law claims under 28 U.S.C. § 1367(c)(3), it was not beyond its authority to do so and we will not disturb this ruling.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over the § 1983 claim pursuant 28 U.S.C. §§ 1331 and 1343(a)(3) and had supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367. We have jurisdiction to hear this appeal from the granting of summary judgment under 28 U.S.C. § 1291.

We have plenary review of the District Court's decision to grant summary judgment. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 602–03 (3d Cir.2002). We apply the same standard as used by the District Court. *Id.*

## III. Discussion

The District Court focused on whether Rieger had acquired tenure in her position as municipal clerk and found that because she had not, she had no protected property interest in the remainder of her term and could be terminated without procedural due process. We find this reasoning to not be controlling, however, because regardless of whether or not Rieger had tenure, she did have a legitimate expectation of continued employment at least for the remainder of her three year term.

In *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) and *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), issued the same day, the Supreme Court held that in order to have a property interest in a benefit that is protected by the Fourteenth Amendment, a plaintiff must show "more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitle-ment to it." *Roth*, 408 U.S. at 577, 92 S.Ct. 2701. Rieger certainly had such a claim in the remainder of her term given the statutory three year term for municipal clerks set forth in N.J.S.A. 40A:9–133(a). Further, the Supreme Court of New Jersey has stated that an appointment under N.J.S.A. 40A:9–133(a), the statute under which Rieger was appointed, is for a three year term. *See McCurrie v. Town of Kearny*, 174 N.J. 523, 527, 809 A.2d 789 (N.J.2002). Additionally in *McCurrie v. Town of Kearny*, 344 N.J.Super. 470, 474, 782 A.2d 919 (N.J.Super.Ct.App.Div.2001) (*vacated on other grounds*), the New Jersey Superior Court specifically distinguished between the fixed term of a municipal clerk and the at-will nature of a municipal administrator's employment: "By statute, the term for a municipal clerk is three years, N.J.S.A. 40A:9–133, while a municipal administrator serves at the pleasure of the governing body, N.J.S.A. 40A:9–137." Therefore, the fact that employment is for a fixed term and not at the pleasure of the governing body is sufficient to create a legitimate expectation of continued employment on the part of Rieger. Such expectation gives rise to a right protected by due process.[3]

Additionally, as stated above, in a subsequent suit on her state law claims, the Superior Court of New Jersey, Law Division, Cumberland County granted plaintiff's motion for summary judgment on her breach of statutory term of office claim and the breach of the implied contract claim. This is further evidence of the legitimacy of plaintiff's expectation of continued employment.

---

**3.** Rieger also contends that her term in office was further protected by Fairfield Township Ordinance 2–1.14(a). However, because the caselaw construes N.J.S.A. 40A:9–133 to afford a clear, fixed three year term of office to a municipal clerk, which gives Appellant a right to the remainder of her term tantamount to a property right, we need not depend on the ordinance in order to find the basis for a due process claim.

For the reasons stated above, we will reverse the order of the District Court and remand for further proceedings consistent with this opinion.

The petition for rehearing en banc is denied. The petition for rehearing by the panel is also denied. Judge Melloy did not participate in the consideration or decision of this matter. (5128–010199)