**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0308-23

AUGUST N. SANTORE, JR.,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

        Argued October 2, 2024 – Decided October 29, 2024

        Before Judges Marczyk and Paganelli.

        On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of Treasury, PERS No. xx3255.

        August N. Santore, Jr., appellant, argued the cause pro se.

        Jeffrey D. Padgett, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Jeffrey D. Padgett, on the brief).

PER CURIAM

August N. Santore, Jr. appeals pro se from the August 17, 2023 final administrative determination of the Board of Trustees (Board) for the Public Employees' Retirement System (PERS), finding him ineligible for continued enrollment in PERS beyond December 31, 2007. Because we conclude the Board's decision was based on sufficient evidence in the record and the correct application of the law, we affirm.

We glean the pertinent facts and procedural history from the record. In 1998, the Township of Berkeley Heights (Township) appointed Santore as the public defender. Santore was re-appointed for several years thereafter.

Effective January 1, 2008, the Legislature enacted N.J.S.A. 43:15A-7.2. As relevant here, the statute provides:

> a. A person who performs professional services for a political subdivision of this State . . . under a professional services contract awarded in accordance with [N.J.S.A. 40A:11-5] . . . on the basis of performance of the contract, shall not be eligible for membership in the [PERS] . . . .
>
> b. A person who performs professional services for a political subdivision of this State . . . shall not be eligible, on the basis of performance of those professional services, for membership in the [PERS], if the person meets the definition of independent contractor as set forth in regulation or policy of the

2

federal Internal Revenue Service for the purposes of the Internal Revenue Code . . . .

. . . .

As used in this subsection, the term "professional services" shall have the meaning set forth in [N.J.S.A. 40A:11-1].

[N.J.S.A. 43:15A-7.2.][1]

The Township's resolution, appointing Santore public defender for the period of January 1, 2008 through December 31, 2008, provided "this contract is awarded without competitive bidding as a 'professional service' under the provisions of [the LPCL]." The resolution stated that the LPCL "require[d] that the resolution . . . must be publicly advertised."[2]

As a result of the legislative reforms, in June 2012, the Township stopped remitting pension contributions for Santore. A few months later, the Township wrote to the Division of Pension and Benefits stating Santore "need[ed] to be removed from the Pension System as of January 1[,] 2008."

---

[1] N.J.S.A. 40A:11-1 to -60 ("This act shall be known and may be cited as the 'Local Public Contracts Law.'" (LPCL)).

[2] This same procedure was followed for each annual appointment until the January 1, 2019 to December 31, 2019 period.

A-0308-23

Thereafter, there was an investigation into Santore's PERS eligibility. The investigator determined that Santore was "hired based upon professional services contracts . . . under N.J.S.A. 43:15A-7.2(a)" and therefore was "ineligible for PERS service credit from . . . [the] Township after December 31, 2007."

Santore appealed the determination to the Board. The Board determined Santore was "ineligible for continuing PERS enrollment after the enactment of" N.J.S.A. 43:15A-7.2(a). The Board advised "[t]he basis for [its] decision [wa]s that [Santore was] awarded a series of [p]rofessional [s]ervice [a]greements pursuant to the LPCL without competitive bidding. The statute specifically preclude[d] [p]rofessional [s]ervices [p]roviders from earning PERS credit based upon such service." Santore appealed the Board's determination, and the matter was referred to the Office of Administrative Law as a "contested case."[3]

After conducting a hearing, including witness testimony, the Administrative Law Judge (ALJ) found: (1) Santore was annually appointed as the Township's public defender from 1998 through 2019; (2) each appointment was effectuated through professional services contracts under the LPCL; (3) "the

---

[3] N.J.S.A. 52:14B-10(c).

appointments were published as legal notices, which [stated] they were made as professional service contracts under the" LPCL; (4) Santore did not have a written professional services contract until 2015; and (5) Santore received a salary pursuant to the Township's salary ordinance.

The ALJ concluded "there [wa]s no question [Santore] was awarded professional services contracts pursuant to the [LPCL] (N.J.S.A. 40A:11-5) and [he wa]s therefore ineligible for enrollment in PERS after the effective date of N.J.S.A. 43:15A-7.2, January 1, 2008." Further, the ALJ concluded "the lack of a written professional services contract between 2008 and 2015 d[id] not negate the fact that he was working under such a contract during this period." Instead, "[t]he continued passing of resolutions c[ould] bind the" Township, citing Buckley v. Jersey City, 105 N.J. Eq. 470, 478-79 (Ch. Div. 1930); McCurrie v. Town of Kearny, 344 N.J. Super. 470, 480 (App. Div. 2001). Thus, the ALJ recommended that the Board's decision—that Santore was "ineligible for enrollment in PERS from January 1, 2008 forward—be [affirmed]."

Thereafter, "[t]he Board adopted the ALJ's decision affirming the Board's denial of [Santore's] request for continued enrollment in the PERS beyond December 31, 2007."

Here, Santore first argues that he was an employee of the Township, not an independent contractor ineligible for pension enrollment under N.J.S.A. 43:15A-7.2(b). In support of his contention, he states he: (1) had a personnel file; (2) was referred to by the Township as being "in their employment and [in their] finance records as an [e]mployee"; and (3) "was paid on a W-2." In addition, Santore contends the 2015 agreement did "not automatically convert [him] from an employee to an [i]ndependent [c]ontractor." Further, he notes the ALJ erred in its "exclusive[]" reliance on the Township's resolutions.

Second, raised for the first time on appeal, Santore contends that "N.J.S.A. 43:15A-7.2([a]) directly eliminates the ABC test" for "determining whether someone is an employee or independent contractor" under N.J.S.A. 43:21-19(i)(6)(A),(B),(C). He argues the ABC test must be conducted despite an agreement—professional services contract—because an "agreement . . . alone cannot supplant the determination and review of the substance of facts determining whether someone is an employee or independent contractor." Alternatively, he contends N.J.S.A. 43:15A-7.2(a) and (b) must have been "intended to be conjunctive and determinations are required under 7.2(a) and 7.2(b)." Thus, Santore argues, "either the [s]tatute is improper or being misinterpreted."

A-0308-23

"Courts have a limited role in reviewing a decision of an administrative agency." Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980). "An appellate court affords a 'strong presumption of reasonableness' to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting City of Newark v. Nat. Res. Council, Dep't of Envtl. Prot., 82 N.J. 530, 539 (1980)). "In order to reverse an agency's judgment, an appellate court must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole.'" In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry, 81 N.J. at 579-80). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." Lavezzi, 219 N.J. at 171 (quoting In re J.S., 431 N.J. Super. 321, 329 (App. Div. 2013)).

In determining whether agency action is arbitrary, capricious, or unreasonable, a reviewing court must examine:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

A-0308-23

[Ibid. (quoting Stallworth, 208 N.J. at 194) (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

"[I]n reviewing the decision of an administrative agency, we . . . give deference to the agency's findings of facts." Utley v. Bd. of Review, 194 N.J. 534, 551 (2008). However, "[l]ike all matters of law, we apply de novo review to an agency's interpretation of a statute or case law." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011).

Applying these well-established standards, we find no error in the Board's decision to deny Santore's request for continued enrollment in the PERS beyond December 31, 2007. We are satisfied there was sufficient evidence in the record to support the Board's factual finding that Santore's engagement with the Township was procured through a professional services contract under N.J.S.A. 40:11-5. Premised on this factual finding, the Board's legal conclusion that Santore was ineligible for PERS benefits under N.J.S.A. 43A:15A-7.2(a) is unassailable.

Santore's argument that he was not an independent contractor, and therefore, not ineligible under N.J.S.A. 43A:15A-7.2(b), is misguided. The Board did not conclude he was ineligible under N.J.S.A. 43A:15A-7.2(b), instead it concluded he was ineligible under N.J.S.A. 43A:15A-7.2(a).

8

As to Santore's arguments, not raised below, that: (1) N.J.S.A. 43A:15A-7.2(a) impermissibly eliminated the ABC test for "employment" under N.J.S.A. 43:21-19(i)(6)(A),(B),(C); or (2) N.J.S.A. 43A:15A-7.2(a) and N.J.S.A. 43A:15A-7.2(b) must both be satisfied before an ineligibility determination, we apply "the typical standard of appellate review of final agency action." J.K. v. N.J. State Parole Bd., 247 N.J. 120, 124 (2021). "That standard restricts the parties to issues raised below and the record created before the agency." Ibid. Therefore, we decline to consider Santore's arguments raised for the first time on appeal.

Nonetheless, we add that N.J.S.A. 43A:15A-7.2(a) did not eliminate the test for "employment"; it merely provides that one awarded a professional services contract under the LPCL, is not eligible for PERS. Moreover, a plain and sensible reading of N.J.S.A. 43A:15A-7.2(a) and (b), reveals two separate tests for PERS ineligibility. "The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0308-23